■ L. K. COMSTOCK & COMPANY, INC., Appellant, v. JAMES J. DUFFY et al., Individually and as Trustees of the Pension-Retirement Benefit Fund of the International Union of Operating Engineers, Local 138, Respondents. — Appeal by plaintiff from an order of the Supreme Court, Nassau County, dated August 3, 1973, which denied plaintiff's motion for summary judgment and, on the court's own motion, transferred the action to Supreme Court, Suffolk County, " for consolidation with the other actions and proceedings relating to the debts and contracts of Colonie Hill Ltd." arising out of a project in Colonie Hill, Hauppauge, Suffolk County. Order reversed, on the law, with $20 costs and disbursements, and plaintiff's motion for summary judgment granted. This is an action to recover a total of $180,109.85 for work, labor and materials and on accounts stated, relating to installation of lighting fixtures from December 6, 1971 to June 21, 1972 by plaintiff's predecessor (which was merged into plaintiff) for defendants for their Colonie Hill project. On June 28, 1972 plaintiff tendered its invoice to defendants. In succeeding months further invoices were tendered but at no time was payment made. After plaintiff's representatives were repeatedly put off by defendants' agents as to payment on the ground that plaintiff would eventually be paid by defendants' assignee of the Colonie Hill project, Colonie Hill Ltd., the instant action was commenced, on April 24, 1973. Defendants denied the material allegations of the complaint. No affirmative defenses or counterclaims were interposed. On June 5, 1973 plaintiff moved for summary judgment. In support of the motion was an affidavit by plaintiff's vice-president setting forth in detail the work that had been done, the stated accounts and the amount due. In one of the two opposing affidavits, defendants' counsel stated upon *information and belief* that during the installation of the lighting facilities plaintiff failed to properly seal the foundation to the Colonie Hill complex; that, as a result, water was able to get into the main panel box, causing electrical short; and that, because of this, it became necesary to rebuild the main panel box at a cost of $8,000 and one of the Colonie Hill tenants sustained extensive but undetermined damage to its foodstuffs and business during the power shortage. In our opinion, summary judgment should have been granted. With respect to the above-mentioned affidavit in opposition, it lacks probative value since it was made on information and belief and not on personal knowledge (*Israelson* v. *Rubin,* 20 A D 2d 668, affd. 14 N Y 2d 887; *Cannon* v. *Pfleider,* 19 A D 2d 625). With respect to the second opposing affidavit by defendants' former construction superintendent, it is largely conclusory in nature and does not contravene the averments in the affidavits in support of plaintiff's motion and in the appended bills and statements. Accordingly the second opposing affidavit is insufficient to defeat plaintiff's motion (*P. D. J. Corp.* v. *Bansh Props.,* 29 A D 2d 927; *Breger* v. *Hampshire Country Club,* 30 A D 2d 526). Even if a partial offset or counterclaim had been properly interposed, it would not prevent a partial summary judgment from being awarded (*M & S Mercury Air Conditioning Corp.* v. *Rodolitz,* 24 A D 2d 873). It is of further significance that defendants did not for many months object to the bills and/or statements rendered by plaintiff to them. Under such circumstances, defendants' silence can be construed as acquiescence in the justness of plaintiff's claims and as the effectuation of an account stated (*Lockwood* v. *Thorne,* 11 N. Y. 170; *Bailey* v. *Robinson Mfg. Co.,* 60 N. Y. S. 2d 225, affd. 270 App. Div. 986; Richardson, Evidence

[9th ed.], § 302). Finally, although unnecessary for our determination, we feel it important to note our disapproval of Special Term's ordering consolidation on its own motion after another Justice in the same court had previously considered a motion to consolidate this action with others pending in Suffolk County and had denied such motion. Such action by the Special Term Justice in effect reversed a previous determination of a Justice of equal jurisdiction and was an arrogation of powers of appellate review (*Collins* v. *Olsker-McLain Ind.*, 22 A D 2d 485). "One Judge should not reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction" (*Parker* v. *Rogerson*, 33 A D 2d 284, 291). Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.