■ GREG PARASCANDOLA, an Infant, by His Mother and Natural Guardian, THERESA PARASCANDOLA, et al., Respondents, v ROBERT J. KAPLAN et al., Defendants, and ST. JOHN'S EPISCOPAL HOSPITAL, Appellant. — In a medical malpractice action, defendant hospital appeals (1) from an order of the Supreme Court, Suffolk County (McInerney, J.), dated February 2, 1984, which granted plaintiffs' motion to sanction appellant hospital pursuant to CPLR 3126 by permitting negative inferences to be drawn against it for its failure to comply with a certain disclosure demand, and (2) from an order of the same court, dated March 23, 1984, which (a) upon plaintiffs' motion, amended the order dated February 2, 1984 so as to add a decretal paragraph severing the action against the hospital, striking the hospital's answer and granting plaintiffs leave to enter a default judgment against the hospital, and (b) denied the hospital's motion for renewal of the motion resulting in the order dated February 2, 1984.

Appeal from the order dated February 2, 1984 dismissed as academic, without costs or disbursements, in light of our determination with respect to the order dated March 23, 1984.

Order dated March 23, 1984 reversed, as a matter of discretion, without costs or disbursements, motion of defendant hospital in the nature of renewal granted, and, upon renewal, order dated February 2, 1984 vacated, and plaintiffs' motion for the imposition of sanctions pursuant to CPLR 3126 against the defendant hospital denied.

Our reading of the record on appeal, including the papers submitted by the defendant hospital upon renewal, indicates that all the parties may have been acting upon a misunderstanding as to the availability of a certain item of evidence. It

does not appear that the defendant hospital acted in a willful, contumacious manner, in disregard of the plaintiffs' demand for disclosure or the court-ordered enforcement thereof, which would justify the imposition of the sanctions herein by Special Term pursuant to CPLR 3126 (*cf. Kramme v Town of Hempstead,* 100 AD2d 447, 451). Quite to the contrary, the record indicates that the defendant hospital made every attempt to comply with the demand for disclosure, but its efforts were frustrated by misinformation obtained from one of its nurses. It does not appear that the defendant hospital deliberately destroyed the evidence sought in pretrial disclosure in an attempt to frustrate or undermine plaintiffs' case (*cf. Ferraro v Koncal Assoc.,* 97 AD2d 429). Although the hospital did not establish that its motion to renew was made on facts unknown to it when it opposed the original motion, nevertheless, under the circumstances, renewal should have been granted (*Patterson v Town of Hempstead,* 104 AD2d 975). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.