■ SHEVA BERMAN, Respondent, v ELIAS BERMAN et al., Appellants. — Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered September 25, 1984, granting plaintiff's motion for leave to serve an amended complaint, modified, on the law, to the extent of striking from the prayer for relief paragraph n, demanding equitable distribution as alternate relief, and otherwise affirmed, without costs or disbursements.

Plaintiff commenced this action in March 1976 against her then husband, Elias Berman (Elias), to recover sums allegedly owed because of his default in paying maintenance and support

pursuant to a separation agreement, dated October 8, 1975. It is also alleged that the individual defendants, her husband, Elias, and his brother, Moses Berman, had conspired to falsify the records of the corporate defendant to conceal Elias' true income, which was relevant since the measure of support was based upon a percentage of his salary. The action was originally instituted in Nassau County and was transferred to New York County to be tried jointly with an action brought there by Elias in which he sought to enforce a provision in the separation agreement, entitling him to a pro rata share of moneys received by plaintiff from the sale of their marital residence.

In July 1984, plaintiff moved for leave to serve an amended complaint, containing 13 causes of action, 11 of which sought relief incident to the separation agreement and alleging that Elias had failed to comply with the terms of that agreement.

While appellant objects to certain of the pleaded causes of action on the ground that they are based upon facts which occurred after the action was commenced, we are taking into account that much of the complaint seeks to enforce rights and remedies under the separation agreement and that there is no resulting prejudice. This is especially so since these separate actions should obviously be resolved in one forum either by consolidation or joint trial.

The second cause of action seeks to enforce a clause in the separation agreement for the payment of "a penalty of 10% of the amount of default, for each week of default," based upon the amount of arrears of maintenance and support. Appellant challenges the provision as usurious, claiming that it amounts to an unenforceable penalty. However, on a motion for leave to amend, there need only be a showing sufficient to enable the court to determine whether the moving party has a justiciable claim (*see, East Asiatic Co. v Corash*, 34 AD2d 432). We find that the second cause of action states a cognizable cause for relief.

However, to the extent that the prayer for relief includes a demand for alternate relief in the form of a request that she "may reopen her claim for equitable distribution", such request was improper and should have been stricken. Any attempt by plaintiff to reopen her claim for equitable distribution is barred by the judicially approved separation agreement, which was merged in but survived the judgment of divorce, entered March 14, 1984. Furthermore, the remedy of equitable distribution may only be invoked as an incident to an action seeking a divorce, the dissolution, annulment or declaration of the nullity of a marriage or the distribution of marital property following a foreign judgment of divorce (Domestic Relations Law § 236 [B]

[5]). Moreover, since the proposed amended complaint does not and, under the facts of this case, could not, include such cause of action, there is no basis for such relief. Concur — Sullivan, J. P., Ross, Bloom, Kassal and Ellerin, JJ.