■ John M. Ricco, an Infant, by His Father and Natural Guardian, John Ricco, et al., Appellants-Respondents, v Deepdale Gardens Apartments Corporation, Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., (1) the parties cross-appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated October 31, 1983, which granted plaintiffs' motion pursuant to CPLR 3126 to strike defendant's answer or, alternatively, to resolve the issue of notice of the alleged defective condition causing the infant plaintiff's injury in favor of the plaintiffs, unless defendant complied at least 30 days before the trial date with a prior order of Justice Dunkin directing compliance with plaintiffs' notice for discovery and inspection; (2) plaintiffs appeal from an order of the same court (Leviss, J.), dated January 26, 1984, which denied their motion for leave to reargue and/or

renew their motion which resulted in the order dated October 31, 1983; and (3) plaintiffs appeal from an order of the same court (Dunkin, J.), dated September 12, 1984, which granted defendant's motion, *inter alia,* to modify a prior order of that court, dated March 17, 1983, to the extent of deleting therefrom the directive that defendant comply with item number one of plaintiffs' notice for discovery and inspection dated November 1, 1982.

Order dated October 31, 1983 modified, on the law and the facts, by deleting therefrom the condition "unless defendant complies with the order of the Hon. Sol. R. Dunkin, dated March 17, 1983, at least 30 days prior to the trial date herein" and substituting therefor a provision that a sanction be imposed unconditionally. As so modified, order affirmed, and matter remitted to Special Term for specification of which of the sanctions alternatively requested by plaintiffs is to be imposed.

Appeal from the order dated January 26, 1984, which denied plaintiffs' motion to reargue and/or renew their motion which resulted in the order dated October 31, 1983 dismissed. Since no new proof was submitted to Special Term, the motion was in the nature of reargument. No appeal lies from an order denying reargument *(see, Alessi v County of Nassau,* 100 AD2d 561).

Order dated September 12, 1984 reversed, on the law, defendant's motion to modify the order of that court dated March 17, 1983 denied, and order dated March 17, 1983 reinstated in its entirety.

Plaintiffs are awarded one bill of costs.

At issue is the willfulness of defendant in destroying the business records directed to be produced and the imposition of sanctions against if for its conduct. Upon review of the record, we conclude that defendant has evinced a willful and contumacious disregard for plaintiffs' discovery rights. Contrary to defendant's contentions, the willfulness underlying plaintiffs' request for the imposition of sanctions was found in defendant's admission that it did not retain copies of maintenance log books for more than two years. Thus, defendant effectively admitted having destroyed the subject records prior to permitting plaintiffs' review which was directed by the order of Justice Dunkin. Notwithstanding defendant's purported business practice of destroying its maintenance records within two years, in a letter dated January 20, 1983, defendant initially admitted, in response to plaintiff's notice for discovery and

inspection dated November 1, 1982, that there was "no record of complaints in the log book maintained for the Deepdale Garden Apartments that concern the locations noticed". Thus, by defendant's admission, the subject log book would seem to have been in existence at least as late as three years and eight months after the accident in question, which occurred on April 16, 1979. Plaintiffs deemed defendant's response inadequate and sought an opportunity to undertake their own review of the log book in order to ascertain whether defendant had received any relevant complaints during the noticed time period. In response, defendant related that it would "undertake to make a more satisfactory arrangement with respect to the inspection of the log book as requested * * * while, however, protecting our client's interests with respect to information contained therein unreleated to the present claim or the area involved therein".

By order dated March 17, 1983, defendant was directed, *inter alia,* to produce the subject log book within 10 days of service upon it of a copy of the order with notice of entry. Plaintiffs thereafter granted defendant an additional two weeks within which to comply. Approximately one month after the expiration of the extended time to comply and some six months after service of the notice for discovery and inspection, defendant informed plaintiffs that it "does not keep copies of records for more than two (2) years and thus does not have copies of maintenance Log Books for time period, April 16, 1978 to July, 1979". Prior to the aforesaid communication, defendant had given no indication that it employed any such policy. Under the circumstances, defendant's argument that the subject log book had been destroyed in the regular course of business prior to plaintiffs' demand for its production is unworthy of belief and Justice Leviss did not err in finding that defendant had willfully failed to comply with the order of Justice Dunkin dated March 17, 1983.

From the fact that defendant did not promptly move, upon receipt of plaintiffs' notice for discovery and inspection, for a protective order pursuant to CPLR 3103, a negative inference can be drawn that the log books sought for inspection were, in fact, discarded after defendant's receipt of said notice. Defendant's request to adjourn plaintiffs' inspection of the subject log books when, as a matter of business practice, said records had already been destroyed, indicates that defendant engaged in conduct which was deliberately dilatory, evasive and obstructive with respect to plaintiffs' discovery rights. Such willful and contumacious conduct warrants the imposition of

an unconditional sanction *(see, Ferraro v Koncal Assoc.,* 97 AD2d 429; *cf. Parascandola v Kaplan,* 108 AD2d 738; *Joseph v Roller Castle,* 100 AD2d 839). On these facts, defendant must be precluded from arguing that it had no notice of the defective condition on its premises from which the infant plaintiff's injuries resulted. We remit the matter to Special Term for a determination of whether defendant should merely be precluded from making such an argument, or whether its entire answer should be stricken.

Inasmuch as a justice of the Supreme Court sitting in Special Term had previously rejected defendant's purportedly exculpatory explanation for its failure to comply with plaintiffs' legitimate discovery demands, it was inappropriate for a justice of coordinate jurisdiction to effectively reconsider and reverse that determination *(see, Comstock & Co. v Duffy,* 43 AD2d 704, 705). Accordingly, the order dated September 12, 1984 is reversed, and the prior order of March 17, 1983 is reinstated in its entirety. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.