■ VINCENT L. SANTORO, as Administrator of the Estate of STEPHEN P. SANTORO, Deceased, Respondent, v ERIC OPPMAN et al., Appellants.—In an action to recover damages for wrongful death, the defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated October 7, 1987, as, *inter alia,* denied their respective motion and cross motions for leave to amend their answers to add the affirmative defense of immunity pursuant to the New York State Defense Emergency Act (McKinney's Uncons Laws of NY § 9193 [L 1951, ch 784, § 113]).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the defendants' contentions, the Supreme Court did not err in denying their respective motion and cross motions to amend their answers to add the affirmative defense of immunity under the New York State Defense Emergency Act (McKinney's Uncons Laws of NY § 9193; *see, Fitzgibbon v County of Nassau,* 147 AD2d 40). In their motion papers, the defendants failed to submit affidavits by persons having personal knowledge of the salient facts to substantiate their claims of immunity under the stated act *(see, McCormack v Graphic Mach. Servs.,* 139 AD2d 631; *Manginaro v Nassau County Med. Center,* 123 AD2d 842; *Berman v Berman,* 111 AD2d 141). The affirmations of the defendants' respective counsel were insufficient to support the requested relief since they merely contained conclusory allegations *(see, Anos Diner v Pitios Gourmet,* 100 AD2d 948; *De Rosa v Di Benedetto,* 86 AD2d 648).

Further, we find that the Supreme Court correctly exercised its discretion by denying the defendant Village of Farmingdale's motion, pursuant to CPLR 3126, to dismiss the complaint as against it. It cannot be said that the plaintiff was in willful default of the Supreme Court's order dated March 31, 1987 *(see, Parascandola v Kaplan,* 108 AD2d 738; *cf., Zletz v Wetanson,* 67 NY2d 711). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.