OPINION OF THE COURT
Richard E. Sise, J.
*1066 This claim is based on allegations that the State of New York was negligent in connection with its placement of the infant claimant, David Avila, in a foster residence located in Valley Stream, NY The claim alleges that defendant was negligent in connection with its operation, supervision and control of the facility, with its screening and training of staff members, and in placement of individuals with a propensity toward violence in the residence. The action accrued on March 2, 2012, when the infant claimant was pushed down a staircase by another underage resident. In lieu of submitting an answer, defendant has moved for dismissal of the claim on the ground that it is untimely and, alternatively, on the ground that the State is protected from liability by governmental immunity.
With respect to timeliness, the claim was filed and served on June 4, 2012, the 94th day after the date of the incident. Court of Claims Act § 10 (3) requires actions based on the alleged negligence of state employees or agents to be commenced by service of a notice of intention to file a claim or by filing and service of a claim within 90 days of the date that the claim accrued. Compliance with the time limits of the Court of Claims Act is necessary for this court to have jurisdiction to hear a case, and, thus, even a one or two day delay in instituting an action is fatal (Mallory v State of New York, 196 AD2d 925 [3d Dept 1993] [service on the 91st day]; Reinmuth v State of New York, 65 AD2d 648 [3d Dept 1978] [service on the 92nd day]). Consequently, the individual cause of action brought on behalf of Billie Bartole, an adult, must be dismissed. On the other hand, because David Avila was born in 2009, he is still an infant, and the running of the time limitation on his cause of action is until two years after the disability is removed (Court of Claims Act § 10 [5]). Accordingly, that portion of the claim asserted on behalf of the infant claimant is timely.
As an alternative ground for dismissal of the entire action, defendant contends that the State is protected by governmental immunity and cannot be held liable for any negligence it performed in this situation, either because the actions in question were discretionary or because, even if they were held to be ministerial, the State owed no special duty to and had no special relationship with the infant claimant (Sheikh affirmation ¶¶ 7, 8). In McLean v City of New York (12 NY3d 194 [2009]), the Court of Appeals held that “ [government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the *1067 plaintiff, apart from any duty to the public in general” (id. at 203).
In opposing this branch of the motion, counsel for claimant argues that governmental immunity does not apply when the allegations of negligence relate to a governmental entity’s supervision of care provided by foster homes. It is true that this contention is supported by the cases cited by claimant: Sean M. v City of New York (20 AD3d 146, 160 [1st Dept 2005] [“This Court agrees that liability may be imposed upon a state or its subdivisions for injuries sustained by children due to negligent oversight of the foster homes that care for them”]) and Phillips ex rel. Green v City of New York (453 F Supp 2d 690 [SD NY 2006] [a claim of qualified immunity cannot be raised to bar inquiry into an agency’s or county’s alleged negligent supervision of children in foster care]). Those cases, however, were decided prior to the Court of Appeals’ articulation of the applicable law in McLean, and their holdings must be considered as having been implicitly overruled by that decision. More recent decisions involving the supervision of children in foster care, decided after McLean, follow that decision in determining the parameters of governmental liability in this area (see e.g. Rivera v City of New York, 82 AD3d 647 [1st Dept 2011]; Albino v New York City Hous. Auth., 78 AD3d 485, 492 [1st Dept 2010]; Brooklyn Manor v State of New York, Ct Cl, Sept. 30, 2011, Ferreira, J., UID No. 2011-039-258).
Defendant contends that the complained-of actions, described as “providing oversight, policy direction and operational support to local Social Services Departments,” are discretionary, not ministerial, in nature (Sheikh affirmation ¶ 7) and thus fully protected by governmental immunity. In addition, defendant asserts, even if it were determined that the State was negligent in performing some ministerial function “Claimant has not alleged and cannot prove a special relationship existed” (Sheikh affirmation, part III).
Defendant apparently assumes that it is claimant’s burden, in the first instance, to include in the claim allegations that are relevant not to the underlying action but solely to the issue of whether governmental immunity is applicable (see id. ¶ 9 [“the Claim does not assert the existence of such a duty”]; ¶ 12 [“The Claim fails to assert that the Claimant justifiably relied on personal assurances conveyed to him by the State”]). The court does not agree.
In New York, governmental immunity is an affirmative defense, and, as with any other affirmative defense, it must be *1068 raised and proved by the defendant. The State’s waiver of sovereign immunity is straightforward and broad, providing simply that actions against the State are to be determined “in accordance with the same rules of law” that are applied to individuals and corporations (Court of Claims Act § 8). In New York, privileges and immunities of any type are considered to be affirmative defenses and therefore something that must be raised by the defendant and on which the defendant has the burden of proof (CPLR 3018; Siegel, NY Prac § 223 [5th ed]; see Aboujdid v Singapore Airlines, 67 NY2d 450, 459 [1986]; Murchinson v State of New York, 97 AD3d 1014, 1017 [3d Dept 2012]; Baker v County of Oswego, 77 AD3d 1348, 1350 [4th Dept 2010], rearg denied 79 AD3d 1832 [2010]; Santoro v Oppman, 150 AD2d 667 [2d Dept 1989]; Smelts v Meloni, 5 Misc 3d 773 [Sup Ct, Monroe County 2004]; see also Gomez v Toledo, 446 US 635, 641 [1980] [placing this burden on the defendant is appropriate because the issue of whether immunity exists “depends on facts peculiarly within the knowledge and control of the defendant”]). The relatively few decisions in which the burden of proof has been considered in connection with governmental immunity hold that, as with any affirmative defense, the initial burden is on a defendant to plead and prove the facts that establish it is entitled to the protection of immunity (Metz v State of New York, 86 AD3d 748, 749 [3d Dept 2011], revd on other grounds 20 NY3d 175 [2012]; Sherpa v New York City Health & Hosps. Corp., 90 AD3d 738, 740 [2d Dept 2011]).
There are only a limited number of facts that must be determined in order to decide if defendant is entitled to the defense of governmental immunity. First, it must be established that the activity being performed was governmental rather than proprietary (see generally Miller v State of New York, 62 NY2d 506 [1984]), for governmental immunity does not apply if the injury in question arises from performance of a proprietary function (Lee S. Kreindler et al., New York Law of Torts § 17:45 [15 West’s NY Prac Series]). Assuming that the activity is recognized as governmental, the defendant must then establish either (1) that the alleged negligence occurred in connection with the government agent’s exercise of a discretionary duty or (2), should the negligent act have occurred in connection with a ministerial duty, that it owed no special duty to the injured party. This is in keeping with the holding of McLean, that negligence in performing discretionary governmental acts can *1069 never lead to liability, while negligence in performing ministerial governmental acts can lead to liability only if there was a relationship with or duty owed to the injured party that is separate and distinct from the duty owed to the general public. Such a duty exists
“(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation” (McLean, 12 NY3d at 199 [citations omitted]).
Here, defendant has raised the defense of governmental immunity in a pre-answer motion.[2] In deciding a pre-answer motion to dismiss, where parties have not had the opportunity to develop the underlying facts through discovery, the allegations contained in the pleading must be liberally construed and any facts therein must be accepted as true, and it must be denied if the pleading contains any factual allegations that, taken together, “manifest any cause of action cognizable at law” (Polonetsky v Better Homes Depot, 97 NY2d 46, 54 [2001], quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see also Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001] [“On a motion to dismiss pursuant to CPLR 3211, we must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory”]).
While there is nothing in CPLR 3211 that precludes seeking dismissal of an action on the ground of immunity in a preanswer motion, the Third Department has held that a claim of at least one type of qualified privilege is an affirmative defense that “does not lend itself to a preanswer motion to dismiss pursuant to CPLR 3211 (a).” (Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1562 [3d Dept 2010], quoting Demas v Levitsky, 291 AD2d 653, 661 [2002], lv dismissed 98 NY2d 728 *1070 [2002]). Rather, qualified immunity is best pleaded as an affirmative defense in the answer and thereafter be the basis of a motion for summary judgment “supporting the motion with competent evidence establishing a prima facie showing of qualified privilege” (id.).
In the instant case, the motion papers contain no discussion of the issue of whether the State’s actions were governmental or proprietary. The court is willing, however, to accept, arguendo, that placing children in a foster home and, as claimant alleges, operating, supervising, controlling such a facility, as well as training and supervising staff members and determining which individuals to place in such a facility would generally be considered a uniquely governmental activity.
In carrying out such activities, however, government actors perform a myriad of different tasks, many of which are discretionary but many of which may be ministerial in nature. At this preliminary stage, prior to any discovery being conducted, it is unlikely that claimant will be able to identify or describe more precisely the specific act or acts that are alleged to have been negligently performed and that such negligence was a proximate cause of the claimant’s injuries. The injured claimant was a child of approximately three years of age and thus unable to provide any information about the events leading up to his fall or the normal operations of the home, and the people acting on the infant’s behalf were not present when the injury occurred. Billie Bartole, as parent and natural guardian, will need to obtain some records, procedure manuals or other information in order to achieve any greater precision in identifying the wrongful act or acts. In the absence of more detail as to the wrongful conduct that is being alleged, it is simply impossible at this juncture for defendant to say whether it was discretionary or ministerial. Similarly, it is not possible, at this juncture, for defendant to meaningfully address the issue of whether there was a special duty owed to the infant claimant. Defendant must establish its right to this affirmative defense by reference to facts that support such a defense, not mere assertions as to the ultimate legal conclusions, such as the nature of the wrongful action or the presence or absence of a special duty.
Admittedly, much of defendant’s difficulty in providing the relevant facts to support its claim of immunity arises from the lack of precision and factual detail in the allegations contained in the claim. But the motion to dismiss has not been brought on the ground that the claim fails to state a cause of action, nor *1071 has defendant brought a motion for a more definite statement so that it can better identify the allegations of wrongdoing. Instead, defendant has asserted that it is entitled to the protection of governmental immunity, and to succeed it must prove that entitlement.
Defendant also asserts in its moving papers that the State cannot be liable for claimant’s injuries because it does not own, maintain, control or supervise the foster care home in which the accident occurred. This is, in effect, a denial of claimant’s allegation that the State does operate and control the facility and was responsible for the decision to place the infant claimant in this particular home. Thus, it is an issue to be litigated by the parties, each presenting relevant proof of its position to the court. No such proof has been presented on this motion and, in any event, the motion is one for dismissal based on governmental immunity, not for dismissal based on lack of subject matter jurisdiction or because there is an improper party. It may well be that defendant will ultimately succeed on one of the arguments that has been presented or referenced on this motion, but until there is a presentation of more of the relevant facts, rather than simply conclusions, the court is not in a position to make a final ruling on such arguments.
That portion of defendant’s motion for an order dismissing the claim as untimely is granted with respect to the individual claim brought by Billie Bartole and denied with respect to that portion of the claim brought on behalf of the infant claimant, David Avila. That portion of defendant’s motion for an order dismissing the claim on the ground of governmental immunity is denied, with leave to renew following discovery.

. It should be noted that sovereign immunity, of which governmental immunity is part, is considered to be a defense that relates to subject matter jurisdiction (Morrison v Budget Rent A Car Sys., 230 AD2d 253, 261 [2d Dept 1997]; Sherman, Torts, 48 Syracuse L Rev 893, 1053 [1998]), and consequently it may be raised in a pre-answer motion, in the answer, or “at any subsequent time” (CPLR 3211 [e]).