■ HYOSUNG (AMERICA), INC., Appellant, v WOODCREST FABRICS, INC., Respondent. — Order of the Supreme Court, New York County, (Irving Kirschenbaum, J.), entered on May 3, 1984, which, *inter alia,* denied plaintiff's motion to impose sanctions against defendant for having sold certain fabric in violation of a court order enjoining it from such action and plaintiff's notice for discovery and inspection, is reversed, on the law and in the exercise of discretion, and plaintiff's motion to strike defendant's answer is granted, with costs and disbursements.

This action arises out of defendant's alleged breach of a contract pursuant to which defendant agreed to purchase

100,000 yards of certain polyester fabric from plaintiff. Although the material was duly delivered, defendant has refused to make payment, contending that the fabric was defective. Plaintiff was not provided with an opportunity to inspect the goods to determine if defendant's claim was valid, and the instant action ensued. Defendant, in its answer, raised a series of defenses and counterclaims relating to the purported substandard quality of the material. On April 7, 1983, plaintiff obtained a temporary restraining order which prohibited defendant from selling, transferring or otherwise disposing of any portion of the fabric involved. Special Term subsequently granted plaintiff's motion for a preliminary injunction. In addition, plaintiff served on defendant a notice for discovery and inspection of the fabric in accordance with CPLR 3120. Defendant did not move for a protective order with respect to this discovery notice.

Plaintiff eventually managed to perform a limited inspection of the material, reserving its right for a more thorough examination at a later date. However, when plaintiff attempted to enforce its right to inspect under the notice, plaintiff revealed that on May 19, 1983 the disputed goods had been sold to an unnamed third party and that only about 1,000 yards remained. This disclosure was first made on February 7, 1984. Since no more than 1% of the material is still available for examination, plaintiff's right to ascertain the condition of the fabric has been effectively defeated. Where a party deliberately destroys evidence, the penalties set forth in CPLR 3126 may be applied. (*Ferraro v Koncal Assoc.*, 97 AD2d 429.) Defendant's actions in connection with this matter have been reprehensible, and the severe sanction of striking defendant's answer is warranted. Concur — Sandler, J. P., Asch and Milonas, JJ.

Ross and Alexander, JJ., dissent in part in a memorandum by Ross, J., as follows: I agree with the majority insofar as they reverse Special Term's order and strike defendant's answer. However, I find that sanction to be inadequate, based upon the willful nature of defendant's conduct. In an affidavit, dated February 7, 1984, Paul Leff, who is the treasurer of defendant, admits in pertinent part, that defendant purchased "from plaintiff 100,000 yards of Amunzen Georgette Bleached White P. F. P. (Prepared for Printing) 100% polyester fabric at the price of $1.45 per linear yard", that defendant used approximately 8,500 yards of this fabric in making printed goods, and, that, on May 19, 1983, defendant sold 90,881 yards of the subject material to a third party. It is undisputed that, when defendant made the May 19 sale, there was in effect a temporary restraining order issued by Special Term, which specifically enjoined

defendant from making such a sale. This court unanimously held in *Sony Corp. v Savemart, Inc.* (59 AD2d 676) that behavior such as displayed by defendant herein justifies, in addition to striking the answer, the awarding of judgment to the plaintiff in the entire amount claimed by it. Therefore, I would apply this *Sony* rule and award judgment to the plaintiff in the amount of $145,558.25. Consequently, the conduct of this defendant warrants imposing the ultimate sanction of a "judgment by default against the disobedient party" (CPLR 3126, subd 3).