■ Frank Olshansky, Appellant, v Bernard Ravera et al., Respondents. — In an action brought by a shareholder in the defendant corporation against other shareholders therein in connection with claims of waste of corporation assets and other related allegations of misconduct, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Adler, J.), dated July 1, 1983, as, except insofar as defendants were directed to provide a list of properties held by the corporate

defendant, denied his motion pursuant to CPLR 3126 to, *inter alia,* preclude the defendants from offering proof as to matters of which discovery has been demanded and refused.

Order reversed, insofar as appealed from, with costs, and motion granted to the extent of precluding defendants from offering any proof as to the items as to which disclosure was sought, unless plaintiff's demand for disclosure is complied with by defendants. Defendants' time to so comply is extended until 10 days after service upon defendants of a copy of the order to be made hereon, with notice of entry.

Defendants have failed to offer any satisfactory excuse for ignoring plaintiff's demand for disclosure. By ignoring that demand and failing to properly respond to the instant application, defendants have engaged in dilatory tactics resulting in inordinate delay. Such conduct is inexcusable and warrants the relief granted herein (see *Donner v 50 Tom Corp.,* 99 AD2d 504; see, also, *Kramme v Town of Hempstead,* 100 AD2d 447, 451; *Baumann v Dee,* 100 AD2d 504; *Ferraro v Koncal Assoc.,* 97 AD2d 429). Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.