■ JAMES H. MILLER, as Administrator, Appellant, v COUNTY OF ORANGE, Respondent, et al., Defendant.—In an action to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Beisheim, J.), dated February 13, 1985, which granted the motion of the defendant County of Orange to strike his pleadings and to dismiss the complaint as against it for failure to comply with an order of the same court directing the preservation of certain evidence, and (2) an order of the same court, entered June 3, 1985,

which, upon granting his motion for renewal and reargument, adhered to the prior determination.

Appeal from the order dated February 13, 1985, dismissed. That order was superseded by the order entered June 3, 1985, made upon renewal and reargument.

Order entered June 3, 1985, affirmed.

The respondent is awarded one bill of costs payable by the appellant.

Special Term correctly determined that a sanction should be imposed upon the plaintiff pursuant to CPLR 3126, since the evidence established that the plaintiff was aware of the order of preservation and that he willfully ordered the destruction of the evidence sought to be preserved, and the plaintiff offered no reasonable explanation for his failure to comply with the order *(see, Olshansky v Ravera,* 107 AD2d 740; *Ferraro v Koncal Assoc.,* 97 AD2d 429). In addition, the sanction imposed, although harsh, was not an abuse of discretion since the plaintiff's willful conduct effectively foreclosed the respondent from pursuing what may have been a meritorious and complete defense *(see, Hyosung [Am.], Inc. v Woodcrest Fabrics,* 106 AD2d 298, *appeal dismissed* 64 NY2d 934).

The plaintiff's contention that CPLR 3126 is inapplicable since he was not bound by the order of preservation and was not a party to the action at the time the evidence was destroyed is without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.