■ KIM CROWLEY et al., Appellants, v MONTEFIORE HOSPI-

TAL AND MEDICAL CENTER et al., Respondents.—Order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered January 24, 1986, which granted the plaintiffs' motion to strike the defendant's answers to the extent of precluding defendant Montefiore Hospital and Medical Center from introducing into evidence defendant Boley's operative notes, the application for Federal grants, and certain flat-plate X rays and cine cassettes, but did not "preclude defendant Hospital from introducing independent oral testimony which opposes or contradicts plaintiff's [sic] allegations in this lawsuit", unanimously modified, on the law and the facts and in the exercise of discretion, to delete the provision of the order which "does not preclude defendant Hospital from introducing independent oral testimony which opposes or contradicts plaintiff's [sic] allegations in this lawsuit", and otherwise affirmed, with costs to the appellants.

Appeal from an order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered June 5, 1986, which denied plaintiffs' motion for reargument and resettlement, dismissed as nonappealable, without costs.

We affirm the order of Special Term insofar as it precludes the defendant hospital from introducing into evidence the documents which it failed to produce despite the plaintiffs' repeated demands for discovery of said documents. Defendant Montefiore and its attorneys have been callously contumacious by withholding the requested hospital records which are material and necessary to plaintiffs' prosecution of this medical malpractice claim. Since plaintiffs first served their demand in July 1983, defendant hospital has been recalcitrant in its refusal to turn over *all* of the records, necessitating plaintiffs to make no less than three separate motions. In view of defendant hospital's willful failure to comply with the resulting court orders directing discovery, Special Term was justified in exercising its discretion and precluding defendant from offering these documents into evidence pursuant to CPLR 3126 (2). *(See, Lisec v Abrams,* 112 AD2d 145; *Olshansky v Ravera,* 107 AD2d 740.)

However, we modify the order to delete from it the language which purportedly permits defendant hospital to introduce oral testimony "which opposes or contradicts plaintiff's [sic] allegations in this lawsuit". This phrase is ambiguously worded and is possible of a construction which would completely eviscerate the plain meaning of the court's order, to wit, the unconditional preclusion of defendant hospital from

introducing any evidence regarding the records it failed to produce, in accordance with CPLR 3126.

Plaintiffs, on the other hand, having been frustrated from obtaining the records from the hospital, shall be permitted to present any relevant evidence they may have to establish the nature and extent of the treatment covered by the missing documents. Concur—Sandler, J. P., Carro, Kassal, Ellerin and Wallach, JJ.