■ MELVIN PRISCO, Appellant, et al., Plaintiff, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant and Third-Party Plaintiff-Respondent, and TRANSPORT TAXI & LIMOUSINE SERVICE, LTD., Respondent, et al., Third-Party Defendant.—In an action to recover damages for false arrest, false imprisonment and unfair business competition, the plaintiff Melvin Prisco appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated February 5, 1986, which denied his motion to renew (denominated as one for reargument) a motion of the defendant Transport Taxi & Limousine Service, Ltd. (hereinafter Transport Taxi) and the cross motion of the defendant Port Authority of New York and New Jersey (hereinafter Port Authority) to dismiss the complaint, which were granted to the extent of dismissing the complaint unless within 90 days, the plaintiffs provided the defendants with certain documents, including copies of the appellant's medical records, and granted the defendants' respective cross motions to dismiss the complaint for failure to comply with the order dated July 2, 1985.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs to the appellant, the motion is granted, and upon renewal, the order dated July 2, 1985 is vacated and the motion of Transport Taxi and the cross motion of the Port Authority to dismiss the complaint are denied.

By order dated July 2, 1985, the court granted the motion of Transport Taxi and the cross motion of the Port Authority to dismiss the plaintiff's complaint unless, *inter alia,* the plaintiff caused copies of certain of the appellant's medical records to be served upon the defendants' attorneys within 90 days of the date of the order.

A review of the record indicates that, at the time of the court's order, the appellant had provided the defendants with duly executed authorizations for the release of the records in question, which were not then within the appellant's custody or control. Although the records forwarded in response to the authorizations were insufficient, the insufficiency was not the

result of any action or inaction on the part of the appellant or his attorneys. Indeed, the appellant was subsequently able to obtain certain of the records and expeditiously provided them to the defendants.

The appellant's failure to comply with the order dated July 2, 1985 was clearly not willful or contumacious (see, CPLR 3126). Therefore, it was error to impose the harsh sanction of dismissal of the complaint based upon such failure (see, e.g., Miller v County of Orange, 120 AD2d 713).

While the appellant's motion was denominated as one for reargument, it is apparent that the additional information submitted made it one for renewal, and we have properly treated it so (see, Patterson v Town of Hempstead, 104 AD2d 975, 976; Golden v Transport Taxi & Limousine Serv., 80 AD2d 870). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.