■ MRS. LONDON'S BAKE SHOP, LTD., Appellant, v CITY OF SARATOGA SPRINGS et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Brown, J.), entered December 24, 1987 in Saratoga County, which, *inter alia,* granted defendants' motion for preclusion.

Plaintiff operates a bake shop and restaurant in defendant city of Saratoga Springs in Saratoga County. The city contracted with defendant F. J. Zeronda, Inc., for the construction and improvement of a storm drainage system encompassing the area where plaintiff's establishment is located. Plaintiff brought this damage action against defendants for lost profits of over $100,000 allegedly incurred in 1982 when defendants unreasonably blocked public access to its establishment during the course of the project. Defendants sought pretrial disclosure as to plaintiff's damages through notices of discovery and inspection and a demand to produce records at an examination before trial of plaintiff's president, as well as through a formal request by letter. The discovery sought included, *inter alia,* employment records showing whether plaintiff had to lay off employees during the alleged business interruption, daily and monthly earnings records from 1978 through 1983 and similar records concerning the numbers of its customers. Essentially all that defendants received in response were plaintiff's income tax returns for the years 1981 to 1984 and a one-page summary of plaintiff's monthly gross sales from March 1977 through December 1982.

Defendants moved to compel disclosure and obtained an order from Supreme Court in April 1986 directing compliance with all discovery requests. Plaintiff responded by again sending copies of the same tax returns and sales summary, without the underlying records sought, and explaining that it did not have records as to the numbers and identities of employees during the relevant period of business interruption or as to the numbers of its customers. Plaintiff thereafter retained a new attorney, who wrote to defendants' attorney asking for a status report on discovery, to which the latter replied that he believed that all the discovery demands had been complied with, although many demands could not be answered. "If your client located any additional records, which show [its] damages, please send them as soon as possible." Plaintiff then filed a note of issue. Plaintiff's action reached trial some 13 months later without further disclosure.

On the eve of trial, defendants served subpoenas duces tecum on plaintiff and its accountants seeking underlying financial records pertaining to plaintiff's claim of lost profits. The day after the trial commenced, defendants received voluminous documents comprising many of the records they were unsuccessful in obtaining through their pretrial discovery demands. Defendants then moved pursuant to CPLR 3126 to preclude plaintiff from introducing evidence based upon the records which they claimed plaintiff had contumaciously and willfully failed to disclose. Supreme Court granted the motion. Upon plaintiff's representation that the preclusion would cause a failure of proof on damages, the court also granted a mistrial. Plaintiff seeks review of the preclusion order on appeal.

Based upon the foregoing facts, Supreme Court could properly find that plaintiff's repeated failure to turn over demanded items, claim of unavailability of at least some of the records later furnished and disregard of the court's order and subsequent request by defendants to turn over any further documents if located, cumulatively demonstrated willfulness and bad faith sufficient to invoke the court's authority under CPLR 3126 *(see, Crowley v Montefiore Hosp. & Med. Center,* 128 AD2d 443, 444; *Sawh v Bridges,* 120 AD2d 74, 79, *lv denied* 69 NY2d 852; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.04). Nonetheless, in view of the general policy favoring the resolution of actions on their merits, we are of the view that the better exercise of discretion would be to impose a substantial monetary sanction rather than, in effect, forestall plaintiff from proving the necessary elements of its damages *(see, Nomako v Ashton,* 22 AD2d 683; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.14; Siegel, 1977 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:11 [1988 Pocket Part], at 332-333). We note that any prejudice to defendants from plaintiff's belated disclosure has been obviated as a result of Supreme Court's granting of a mistrial.

Order modified, on the facts, without costs, by denying defendants' motion to preclude upon condition that plaintiff pay defendants the sum of $2,500 in costs within 30 days after service of a copy of the order to be entered upon this court's decision with notice of entry; and, as so modified, affirmed. Mahoney, P. J., Kane, and Levine, JJ., concur.

Casey and Weiss, JJ., dissent and vote to affirm in a memorandum by Weiss, J.

Weiss, J. (dissenting). As the majority recognizes, plaintiff's

efforts in avoiding disclosure can readily be classified as willful and in bad faith. In our view, Supreme Court's responsive preclusion order was a proper exercise of its broad discretion under CPLR 3126 *(see, Zletz v Wetanson,* 67 NY2d 711; *Crowley v Montefiore Hosp. & Med. Center,* 128 AD2d 443, 444). Nor, under the described circumstances, are we inclined to exercise our inherent discretion to excuse plaintiff's transgressions *(cf., Whitbeck v Erin's Isle,* 109 AD2d 1032, 1034). An affirmance is appropriate.