■ MICHAEL BRATT, as Executor of SALLY BRATT, Deceased, Appellant, v IRVING MACHLIN, Respondent.—In an action to recover damages for conscious pain and suffering and wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Scholnick, J.), dated March 19, 1990, which denied his motion to vacate a decision of the same court (Levine, J.) dated December 19, 1989, which had dismissed the complaint, based upon his alleged default in complying with the defendant's demands for authorizations, and (2) from an order of the same court (Scholnick, J.), dated May 25, 1990, which dismissed his complaint.

Ordered that the appeal from the order dated March 19, 1990 is dismissed, as no appeal lies from an order denying a motion to vacate a decision (see, Behrens v Behrens, 143 AD2d 617); and it is further,

Ordered that the order dated May 25, 1990, is reversed, on the law and as a matter of discretion, the order dated March 19, 1990, and the decision dated December 19, 1989, are vacated, and the complaint is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In July 1987, at the time of the service of his answer, the defendant demanded that the attorneys for the plaintiff produce authorizations allowing the inspection of the records of Kings County Hospital, Dr. Antalis and "[a]ll prior treating physicians and institutions". In April 1989 the plaintiff's attorney furnished nine authorizations and between May and

November 1989 the plaintiff's attorney furnished an additional seven authorizations. By letter dated November 14, 1989, the defense counsel claimed that the plaintiff's attorneys were in violation of prior court orders because of their failure to provide additional authorizations relative to another six doctors or hospitals.

At a subsequent conference held on December 19, 1989, the court (Levine, J.), purporting to act "[p]ursuant to Mr. Justice Scholnick's direction", made an oral decision to dismiss the complaint for failure to provide authorizations.

In January 1990 the plaintiff made a motion to vacate the decision dated December 19, 1989, on the ground that the court had granted relief for which no written motion had been made. This motion was supported by an affidavit of merit and by proof that additional authorizations had since been furnished for four out of the six entities mentioned in the defense counsel's letter of November 14, 1989. As to the two other entities named in the letter, one was the name of a medical building (and hence not a treating doctor or hospital) and the second was a dermatologist who had treated the decedent's daughter for acne.

In the order dated March 19, 1990, the court (Scholnick, J.), denied the motion, on the ground that dismissal of the plaintiff's complaint was warranted because of the "plaintiff's failure to comply with defendant's demand for authorizations, which had been court ordered many times". Thereafter, in the order dated May 25, 1990, the complaint was dismissed.

We agree with the plaintiff that under the circumstances outlined above, and under all of the other circumstances of this case, the drastic remedy of dismissal (see, CPLR 3126) was unwarranted (see generally, Prisco v Port Auth., 132 AD2d 655; Miller v County of Orange, 120 AD2d 713). The record contains no evidence as to exactly which physicians or hospitals in fact treated the plaintiff's decedent in a way that would make their records relevant to the issues in this case, and the Supreme Court never directed the production of authorizations for the records of any specific physician or hospital. Considering these circumstances, and that the plaintiff produced a total of 16 authorizations before the conference on December 19, 1989, we cannot conclude that the plaintiff is guilty of a willful or contumacious attempt to hinder pretrial disclosure (see generally, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3126.4).

Although there was a substantial delay between July 1987,

when medical authorizations were first requested, and April 1989, when the first nine authorizations were furnished, some of this delay may reasonably be attributed to the fact that the individual attorney responsible for the prosecution of the plaintiff's action was diagnosed as having a brain tumor in February of 1988 and later died in September 1988. We also note that the defense attorneys violated a precalendar order dated June 22, 1988, which required them to produce the defendant's office records, by refusing to provide such records except at a fee, and by then not producing those records until March 1989. Thus, the delay in bringing this case to trial is not properly attributable to the plaintiff alone.

Accordingly, the complaint is reinstated. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.