■ JAMES P. O'KEEFE, JR., Appellant-Respondent, v UNIONDALE FIRE DISTRICT OF UNIONDALE et al., Defendants, and UNIONDALE WATER DISTRICT OF THE TOWN OF HEMPSTEAD, Respondent-Appellant. [605 NYS2d 893] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated August 28, 1991, as denied his motion, pursuant to CPLR 3126, to strike the answer of the defendant Uniondale Water District of the Town of Hempstead, and the defendant Uniondale Water District of the Town of Hempstead cross-appeals, as limited by its brief, from so much of the order as granted the plaintiff the alternative relief of precluding it from presenting certain testimony at the trial.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, the plaintiff's motion is granted in its entirety, and the answer of the defendant Uniondale Water District of the Town of Hempstead, along with the cross claim asserted therein, is stricken; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the respondent-appellant.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to strike the answer of the defendant Uniondale Water District of the Town of Hempstead pursuant to CPLR 3126 because the respondent-appellant was aware of a prior order of the same court compelling the inspection of two temporary fire hydrants but nevertheless allowed them to be disassembled *(see, Miller v County of Orange,* 120 AD2d 713). The explanation provided in the affidavit of an employee of the respondent-appellant as to the loss of the evidence is not a reasonable one under the circumstances. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.