■ CAROLINE RANKIN et al., Appellants, v ROBERT L. MILLER, Respondent. [675 NYS2d 717] —Cardona, P. J. Appeal from an order of the Supreme Court (Monserrate, J.), entered May 14, 1997 in Tioga County, which granted defendant's motion for preclusion or court-ordered disclosure.

In February 1988, plaintiff Caroline Rankin (hereinafter plaintiff) was seriously injured in a sledding accident at a friend's house. Thereafter, she and her father retained defendant to represent them in a personal injury action which was ultimately dismissed (*see, Rankin v Harding*, 191 AD2d 926, *lv*

*denied, appeal dismissed* 82 NY2d 690). In August 1995, plaintiffs commenced this legal malpractice action against defendant and, thereafter, on October 29, 1996, defendant served a demand for a bill of particulars as well as various other discovery demands. In response, plaintiffs' attorney served a notice to take the deposition of defendant on December 3, 1996. Thereafter, plaintiffs' attorney made several unfulfilled promises to comply with the discovery demands. Defendant made this motion to, *inter alia*, preclude plaintiffs from offering proof with respect to certain matters contained in the discovery demands. Plaintiffs' attorney opposed the motion and served a bill of particulars and later an amended bill of particulars. Supreme Court granted the motion and, *inter alia*, ordered that plaintiffs were precluded from offering proof with respect to matters not previously disclosed. Plaintiffs appeal.

It is well settled that the trial court "has broad discretion in determining the nature and degree of the penalty to be imposed where a party has refused to comply with discovery demands" (*Ashline v Kestner Engrs.*, 219 AD2d 788, 790; *see*, CPLR 3126 [2]). It is further noted that preclusion is a drastic remedy which should be invoked only where a party's noncompliance with discovery demands is willful and contumacious (*see, Maillard v Maillard*, 243 AD2d 448; *Brady v County of Nassau*, 234 AD2d 408).

The record discloses that, after service of the discovery demands and plaintiffs' notice to take defendant's deposition on December 3, 1996, plaintiffs' attorney represented that responses to the demands would be forthcoming prior to the scheduled deposition. Although the responses were not provided, defendant was deposed on the scheduled date. Plaintiffs' attorney further represented that the responses would be provided prior to plaintiff's deposition which the parties had tentatively scheduled for the middle of December 1996. The responses were not provided and plaintiff was not deposed. Thereafter, defendant's attorney made several more calls seeking to schedule plaintiff's deposition and obtain the disclosure, all to no avail. During February 1997, plaintiffs' attorney made representations that the responses would be supplied, but they were not. Finally, in March 1997 after defendant made the instant motion to preclude, plaintiffs served a verified bill of particulars. However, no responses to the remaining discovery demands were supplied. In opposition to defendant's motion, plaintiffs' attorney attributes the delay to the fact that he obtained the file from another attorney in his office and was unaware that plaintiff's medical bills or records were not in the file until he started to prepare the bill of particulars.

This Court possesses coordinate authority with the trial court on all questions of law and fact (*see, Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 501). Although we do not find that Supreme Court abused its discretion, under the particular circumstances of this case, instead of penalizing plaintiffs for their counsel's failure to comply with the discovery demands, we exercise our discretion and vacate the order of preclusion on the conditions that plaintiffs' counsel pays to defendant a monetary sanction of $4,000 and complies with all discovery demands outstanding at the time of the motion (*see, King v Jordan*, 243 AD2d 951, 953).

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the facts, without costs, and motion to preclude denied on the conditions that plaintiffs' counsel pay $4,000 to defendant and plaintiffs comply with all discovery demands outstanding at the time of the date of this Court's decision, failing which, the order is affirmed, with costs to defendant.