■ VIRGINIA OSTERHOUDT, Appellant-Respondent, v WAL-MART STORES, INC., Respondent-Appellant. [709 NYS2d 685] —Peters, J. Cross appeals from an order of the Supreme Court (Lalor, J.), entered April 20, 1999 in Greene County, which, *inter alia*, granted plaintiff's motion for a mistrial and ordered a new trial.

On August 12, 1994, plaintiff slipped and fell on a spilled substance in the aisle of defendant's store in the City of Hudson, Columbia County. Plaintiff, transported to a hospital by ambulance, ultimately required surgery on her right knee. In October 1996, this negligence action was commenced. Upon the assertion of numerous defenses, plaintiff served a notice for discovery and inspection dated December 13, 1996 seeking, *inter alia*, the names of all witnesses, copies of statements and reports pertaining to accidents or documents recording or detailing procedures undertaken with respect to the maintenance and/or inspection of the store. Defendant informed plaintiff that none of the requested statements existed yet advised that it would continue its efforts to locate all information which would be responsive to the demand. It specifically noted that "if and when any such documents are located, copies will be forwarded to plaintiff at that time."

Approximately seven months later, plaintiff propounded a further notice for discovery and inspection which requested, *inter alia*, the name and address of the maintenance person and others assigned to departments adjacent to the accident site who were working on the date of the accident, a copy of the floor plan and the dimension of aisles. Aside from objecting to the request for the floor plan, defendant again failed to forward the requested information, once more representing that it was either conducting a search therefor or would attempt to obtain the information and thereafter forward it to plaintiff. One month later, plaintiff sent a second notice for further discovery specifically seeking books, records or writings prepared or maintained by defendant in the regular course of its business with regard to floor inspections or a record of periodic inspections, cleaning and/or maintenance which occurred at or near the time of the accident. This time, defendant refused to respond to both this demand and any of the outstanding demands since plaintiff had already filed a note of issue.

In preparation for the trial commencing January 4, 1999, plaintiff subpoenaed the manager of defendant's store, expect-

ing him to testify that defendant was unable to locate any of the information previously requested, including the names of employees working on the date of the accident. When the store manager appeared at trial in response to the subpoena, he had with him the documents that plaintiff requested in the early discovery demands. Plaintiff immediately moved to strike defendant's answer but Supreme Court denied the motion.

At the completion of testimony, defendant moved for a dismissal by contending that plaintiff failed to prove actual or constructive notice and therefore failed to make out a prima facie case. Plaintiff moved for a mistrial based upon defendant's failure to comply with discovery. Supreme Court reserved decision and sent the case to the jury, which ultimately rendered a verdict in favor of plaintiff in the amount of $125,000. Thereafter reserving decision on defendant's motion to set aside the verdict, the court scheduled a hearing to address the outstanding motions as well as its own motion to determine whether to impose sanctions pursuant to CPLR 3126 for defendant's failure to comply with discovery.

Supreme Court found that defendant willfully withheld discovery and acted in bad faith yet would not impose sanctions upon the supposition that any amount "levied against a behemoth of the bulk of corporate defendant Wal-Mart Stores, Inc., would represent only paltry penance and deliver a sting unlikely to penetrate in proportion to its purpose." Thereafter denying defendant's motion to set aside the verdict as well as plaintiff's renewed motion to strike defendant's answer, it granted plaintiff's motion for a mistrial. It reasoned that had timely discovery of the demanded information been made, plaintiff would well have been able to offer more proof as to the issue of notice "rendering any verdict in her favor less vulnerable to attack on that basis." Both plaintiff and defendant appeal.

CPLR 3126 provides for penalties "as are just" for a willful failure to comply with disclosure. Yet, the type and degree of sanction will be left to the discretionary authority of the trial court which will remain undisturbed absent an abuse thereof (*see, Puccia v Farley*, 261 AD2d 83; *Rankin v Miller*, 252 AD2d 863). In our view, there is no error in Supreme Court's determination that defendant's failure to make appropriate inquiry in an effort to locate requested documents, its recurrent claims of unavailability of records later easily found yet still not furnished until the day of trial, and its blatant disregard of repeated requests for information readily available constituted the requisite quantum of evidence supporting a finding of

willfulness and bad faith (*see, Donovan v City of New York*, 239 AD2d 461; *Mrs. London's Bake Shop v City of Saratoga Springs*, 144 AD2d 749).

Yet, despite "the general policy favoring the resolution of actions on their merits" (*Mrs. London's Bake Shop v City of Saratoga Springs, supra*, at 750), we do not agree that a mistrial was the most appropriate remedy since it wastes judicial resources and saddles plaintiff with the financial constraints of a retrial which may not yield remuneration in the kind or degree rendered here. As defendant's conduct must not inure to its benefit, we find that the issue of notice to defendant of the spilled substance which caused plaintiff's injuries should have been resolved in favor of plaintiff by striking defendant's answer, thereby precluding it from raising any issue with respect thereto (*see, Rankin v Miller, supra; Maillard v Maillard*, 243 AD2d 448; *Jackson v City of New York*, 185 AD2d 768; *Mrs. London's Bake Shop v City of Saratoga Springs, supra; cf., Demis v Demis*, 168 AD2d 840, *appeal dismissed* 78 NY2d 1007).

In light of this determination, we need not review plaintiff's remaining contentions.

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as granted plaintiff's motion for a mistrial; grant plaintiff's motion to strike defendant's answer and reinstate the jury verdict; and, as so modified, affirmed.