■ EDITH MIRACOLO, Individually and as Administratrix of the Estate of CHARLES C. MIRACOLO, Deceased, Respondent, v MERCEDES-BENZ OF NORTH AMERICA, INC., et al., Appellants, et al., Defendants. — In an action upon the theories of negligence, strict products liability and breach of warranty, to recover for damages for wrongful death, etc., defendants Mercedes-Benz of North America, Inc., and Daimler-Benz of North America, Inc., appeal from so much of an order of the Supreme Court, Kings County (Aronin, J.), dated October 29, 1981, as denied their motion to take the oral deposition of plaintiff's expert witness. Order modified by adding thereto a provision that appellants may serve plaintiff with written interrogatories in accordance herewith, to be answered by her expert. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. In the event that appellants elect to serve such interrogatories, they shall do so within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. After receipt of (1) a sketchy synopsis of the factual observations contained in the report of plaintiff's expert witness, (2) eight undecipherable copies of photographs depicting the allegedly defective automobile components as they appeared immediately after the accident but prior to their disassembly, and (3) an inspection report of the disassembled components by their own expert, appellants sought to renew their motion to take an oral deposition of plaintiff's expert. Appellants contend that the data supplied by plaintiff was inadequate to fairly inform them of the condition of the allegedly defective components prior to their removal from the motor vehicle, especially with regard to the location of other automotive parts which had been affected by the impact to the front end. We agree. The information sought by appellants is "material and necessary" for the preparation of their defense, and is therefore discoverable under the liberal construction given that term by the Court of Appeals in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403). In addition, we find that such disclosure is justified by special circumstances, in that plaintiff's expert has exclusive knowledge of certain of those relevant facts. However, inasmuch as an expert is involved, an oral deposition creates a high risk that material prepared for litigation, protected by CPLR 3101 (subd [d]), will be discovered. It therefore becomes necessary to set certain limits on such disclosure so that all that may be elicited are the factual observations of the plaintiff's witness. To do otherwise, would be to invite irremediable incursions into the expert opinions prepared for an adversary where other expert testimony is available, in contravention of the general rule that prior to trial one party may not call the other party's expert as a witness in a discovery proceeding (see *Coley v Michelin Tire Corp.,* 75 AD2d 610; *Cepin v Cepin,* 66 AD2d 764). Accordingly, appellants may proceed with written interrogatories of plaintiff's expert witness embracing the following limited subjects: (1) identification of the linkage and ball joint referred to in a redacted version of the expert's report, contained in plaintiff's "RESPONSE TO NOTICE OF DISCOVERY AND INSPECTION", dated December 18, 1979, and a letter from plaintiff's counsel dated February 5, 1981, (2) the condition of the allegedly defective components *prior* to their removal from the motor vehicle (i.e., whether any other automotive parts were connected to, or disconnected from, or in contact with, the allegedly defective "accelerator-throttle-carburetor" system, and (3) in what manner, if any, the allegedly defective components were altered when disassembled from the motor vehicle. In view of the fact that appellants' expert was provided with an

opportunity to inspect the defective components after they were removed from the engine, no interrogatories shall be permitted with regard to ascertaining from plaintiff's expert the manner in which the parts furnished to appellants were defective or any description of the condition of the components after their removal, except as previously indicated. Furthermore, no inquiry shall be permitted as to why the air intake venturi was allegedly found in a wide-open position or how the separation of the linkage from the ball joint on the accelerator system caused the car to accelerate uncontrollably. Such inquiries would impermissibly delve into the opinion of the expert. Finally, the name of plaintiff's expert need not be disclosed. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.