■ JAIME FERRARO, an Infant, by His Mother and Natural Guardian, MARY A. FERRARO, et al., Respondents, v KONCAL ASSOCIATES, Doing Business as CALDOR'S OF MIDDLETOWN, INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Isseks, J.), dated May 13, 1983, as, upon granting its motion to reargue, adhered to its original determination dated December 15, 1982, which granted plaintiffs' motion to preclude defendant from offering any evidence at trial in support of its defense. Order affirmed, insofar as appealed from, with costs. Plaintiffs served a proper notice to permit entry on defendant's property, pursuant to CPLR 3120 (subd [a]) for the purpose of inspecting clothes racks, including the glass clothes display rack which allegedly fell on the infant plaintiff and caused him to suffer severe injuries. It is uncontroverted that a date for said inspection was specified in the notice and then adjourned at defendant's request to August 24, 1982. Defendant refused to permit the entry and inspection after plaintiffs declined defense counsel's second request for an adjournment predicated on an alleged inability of counsel to attend said inspection. Such conduct, by itself, does not evince a willful refusal to disclose information warranting the imposition of the severe sanction of precluding defendant from proffering any evidence at trial with respect to any defenses (see *Plainview Assoc. v Miconics Inds.,* 90 AD2d 825). However, in an unsigned affidavit by defense counsel in opposition to plaintiffs' motion to preclude, it was disclosed for the first time that the subject clothes rack had been discarded and was no longer available for inspection. Although a showing that it is impossible to make the particular disclosure will bar the imposition of a sanction under CPLR 3126, a contrary rule prevails where the disobedient party is responsible for making a previously possible disclosure impossible. Where a party deliberately destroys evidence, the penalties of CPLR 3126 may be applied (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126:7, pp 646-649; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3126.05). Defendant omitted to disclose any details regarding the discarding of the display rack, although it was the only party with exclusive knowledge of such information (cf. *Myers v Avis, Inc.,* 35 AD2d 966). From the fact defendant did not promptly move, upon receipt of the plaintiffs' disclosure notice, for a protective order, pursuant to CPLR 3103, a negative inference can be drawn that the display rack was discarded after defendant's receipt of said notice. Defendant's failure to proffer an exculpatory explanation for its role in the destruction of highly material and relevant evidence combined with its prior requests to adjourn plaintiffs' inspection of the subject display rack on the alleged ground that counsel was unavailable when, apparently, the display rack was discarded, indicates that the defendant engaged in conduct which was deliberately dilatory, evasive, and obstructive with respect to plaintiffs'

discovery rights. Such willful and contumacious conduct warrants the imposition of an unconditional order of preclusion, pursuant to CPLR 3126. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.