■ Vito Anteri, Plaintiff, v NRS Construction Corp., Defendant and Third-Party Plaintiff, et al., Defendants. M & C Lazzinnaro Construction Corp., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; Castro-Blanco et al., Fourth-Party Defendants-Respondents. (And a Fifth-Party Action.)—In an action to recover damages for personal injuries, M & C Lazzinnaro Construction Corp. appeals from so much of an order of the Supreme Court, Queens County (Kassoff, J.), dated June 26, 1984, as dismissed its fourth-party complaint pursuant to CPLR 3124 and 3126.

Order affirmed insofar as appealed from, with one bill of costs.

The instant actions arise out of an incident which occurred on April 3, 1979, when the plaintiff, an employee of M & C Lazzinnaro Construction Corp. (M & C), a subcontractor, fell through the floor of a building which was undergoing renovations. The plaintiff subsequently commenced an action against the general contractor of the construction site, as well as the owner of the premises, seeking to recover damages for personal injuries sustained in the 1979 accident. Thereafter, the general contractor instituted a third-party action for indemnification and contribution against M & C. M & C, in turn, commenced a fourth-party action for indemnification and contribution against the renovated building's architect, Castro-Blanco, Piscioneri & Feder (Castro-Blanco) and the structural engineer, Ewell W. Finley, P. C. (Finley).

In September 1981 Special Term scheduled the deposition of all the parties in the aforesaid actions. At its court-ordered deposition, M & C initially produced an employee who was not present on the day of plaintiff's accident and who was not knowledgeable as to the circumstances of the accident. In response thereto, the fourth-party defendants Castro-Blanco and Finley obtained an order dated June 29, 1982 directing M & C to produce for a deposition the project foreman who was present at the construction site on the date of the accident, and to provide the daily field reports and meeting minutes for the site in issue, which records, M & C's counsel conceded, would provide more specific information concerning the circumstances of the plaintiff's accident. Although M & C then produced its project foreman for a deposition, it failed to produce the requested documents. Significantly, M & C never claimed that its failure was due to the nonavailability of said documents.

Thereafter, Castro-Blanco and Finley moved for an order imposing sanctions upon M & C pursuant to CPLR 3124 and 3126 based on its failure to produce the requested documents. Upon M & C's default, said motion was conditionally granted by order dated December 16, 1982, unless M & C, *inter alia,* produced the subject daily field reports and meeting minutes at the continued deposition of its project foreman. M & C subsequently moved to reargue the aforesaid motion and to vacate its default. Upon reargument, however, Special Term adhered to its original determination. We note that M & C did not claim in support of its motion for reargument that the requested documents were not in existence. M & C's appeal from the order made upon reargument was eventually dismissed for want of prosecution.

While M & C's appeal was pending, its project manager was produced for a continued deposition in June 1983. The requested daily field reports and meeting minutes were not produced. M & C claimed, for the first time since the inception of the instant actions, that the requested documents no longer existed because they were discarded in or about December 1981 in accordance with standard office procedures.

Upon the separate applications of Castro-Blanco and Finley, M & C's fourth-party complaint was dismissed pursuant to CPLR 3124 and 3126. Special Term concluded that M & C's actions in failing to previously advise the fourth-party defendants that the subject documents had been discarded, which, if true, should have been known long before June 1983, was deliberately dilatory, evasive and obstructive with respect to their rights of discovery and warranted dismissal of the fourth-party complaint. We agree, and, accordingly, affirm.

Where a party fails to comply with a disclosure order, CPLR 3126 authorizes the imposition of appropriate sanctions upon that party. The authorized sanctions include the striking of the noncomplying party's pleadings, in whole or in part *(see,* CPLR 3126 [3]). The courts are generally reluctant to impose such a harsh sanction absent a showing that the disobedient party's conduct was willful or contumacious *(see, Baumann v Dee,* 100 AD2d 504; *Ferraro v Koncal Assoc.,* 97 AD2d 429; *Citizens Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 92 AD2d 907). "Although a showing that it is impossible to make the particular disclosure will bar the imposition of a sanction under CPLR 3126, a contrary rule prevails where the disobedient party is responsible for making a previously possible disclosure impossible" *(Ferraro v Koncal Assoc., supra,* p 429). Moreover, if the disobedient party fails

to promptly move for a protective order pursuant to CPLR 3103 upon receipt of a disclosure notice, a negative inference may be drawn that the requested evidence was discarded after the receipt of said notice (see, Ferraro v Koncal Assoc., supra).

In the case at bar, M & C was made aware, at least as early as June 1982, if not sooner, of the fact that the subject documents and files were sought for discovery by Castro-Blanco and Finley. The documents were not produced at the court-ordered deposition in July 1982, nor did M & C indicate at that time that the requested documents were no longer in existence. Moreover in its subsequent effort to vacate the conditional order of preclusion, made on its default, which was awarded to Castro-Blanco and Finley, M & C made no mention of the fact that the subject documents had been discarded. M & C's failure to move for a protective order pursuant to CPLR 3103 immediately upon receipt of the fourth-party defendants' notice for discovery and inspection creates an inference that it had discarded the subject documents after they had been requested. Moreover, M & C's failure to offer a reasonable excuse for the absence of said documents at some time prior to the motion to dismiss its fourth-party complaint, indicates that M & C engaged in willful, contumacious and evasive conduct with respect to the fourth-party defendants' discovery rights. Accordingly, dismissal of the fourth-party complaint was warranted and Special Term did not abuse its discretion in so ordering. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.