■ Douglas Perfido, Sr., et al., Respondents, v Robert J. Messina, Jr., Defendant, and Antoinette Messina, Appellant. —In an action to recover damages for personal injuries and wrongful death, the defendant Antoinette Messina appeals from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated July 9, 1985, as denied her motion for a protective order vacating the plaintiffs' notice for discovery and inspection.

Ordered that the order is modified, by adding a provision thereto granting the motion to the extent that as to the experts' reports referred to in item No. 3 of the plaintiffs' notice for discovery and inspection, the appellant need only reveal the facts observed by the experts and contained in such reports with the opinions contained therein deleted. As so modified, the order is affirmed, without costs or disbursements. The appellant's time to comply with the plaintiffs' notice for discovery and inspection is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

The appellant argues that the information sought in the plaintiffs' notice for discovery and inspection is material prepared for litigation and is therefore immune from disclosure. We find that this conclusory and unsubstantiated assertion by appellant's counsel is insufficient to sustain her burden of demonstrating that the items were indeed prepared solely for the purpose of litigation (see, Carden v Allstate Ins. Co., 105 AD2d 1048; Du Four v Blaw-Knox Corp., 89 AD2d 900; Hunt v Joseph, 67 AD2d 697).

In any event, since the subject premises have been destroyed, the plaintiffs' inability to duplicate the material would overcome the privilege as undue hardship would result if the material in the appellant's possession were withheld (see, CPLR 3101 [d]). However, with regard to the experts' reports, the disclosure shall be limited to the factual data and test results and shall not include the opinions of experts (see, Stevens v Metropolitan Suburban Bus Auth., 117 AD2d 733; Castro v Alden Leeds, Inc., 116 AD2d 549). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.