■ FERNANDO CORONA, Plaintiff, v A-B-C PACKAGING MACHINE CORP., Defendant and Third-Party Plaintiff-Respondent. COCA-COLA BOTTLING COMPANY OF NEW YORK, INC., Sued Herein as COCA-COLA BOTTLING COMPANY, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, the third-party defendant appeals (1), from an order of the Supreme Court, Westchester County

(Dachenhausen, J.), entered March 20, 1986, which granted the third-party plaintiff's motion to strike its answer, and (2), as limited by its brief, from so much of an order of the same court, dated July 17, 1986, as denied its motion for reargument of the prior order.

Ordered that the order entered March 20, 1986 is affirmed; and it is further,

Ordered that the appeal from the order dated July 17, 1986 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the defendant third-party plaintiff is awarded one bill of costs.

This case arises from injuries sustained by the plaintiff, Fernando Corona, an employee of the third-party defendant Coca-Cola Bottling Company of New York, Inc. (hereinafter Coca-Cola), while operating a box-making machine which was manufactured and designed by the defendant third-party plaintiff A-B-C Packaging Machine Corporation (hereinafter A-B-C). A-B-C sought judgment over against Coca-Cola based upon Coca-Cola's alleged negligence.

The court properly ordered that Coca-Cola's answer be stricken pursuant to CPLR 3126 because Coca-Cola was aware of a prior order of the same court (Sullivan, J.), compelling the inspection of the machine but, nevertheless, had it destroyed *(see, Miller v County of Orange,* 120 AD2d 713). Although Coca-Cola's director of engineering, who permitted the machine to be scrapped, stated that he was unaware of the court order or the litigation, it is undisputed that he was previously contacted with regard to arranging an inspection of the machine. Furthermore, Coca-Cola was under a duty to inform the director of engineering with respect to the court's order directing the inspection of the machine, especially since A-B-C had consistently made its desire to inspect the machine (which was at the center of the instant litigation) known. Under these circumstances, Coca-Cola has not offered a reasonable explanation for its disposal of the machine *(see, Miller v County of Orange, supra,* at 714). Therefore, the sanction imposed, although a severe one, cannot be said to be an abuse of the court's broad discretion *(see, Zletz v Wetanson,* 67 NY2d 711; *Sawh v Bridges,* 120 AD2d 74).

We have considered Coca-Cola's other contentions and find them to be without merit. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.