■ TOWN OF NORTH HEMPSTEAD, Respondent, v NORMAN J. WIEDERSUM et al., Appellants, et al., Defendants. (And Other Third-Party Actions.)—In an action, *inter alia,* to recover damages for breach of contract, the appeal is from an order of the Supreme Court, Nassau County (Roberto, J.), dated April 2, 1986, which granted the motion of the plaintiff Town of North Hempstead for a protective order denying the discovery and inspection by the appellants of certain photographs and reports prepared by the plaintiff's experts.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the motion which was for a protective order with respect to experts' reports, and substituting therefor a provision granting that branch of the motion only to the extent that opinions contained in the experts' reports and any facts with respect to the west wall of the building in question need not be disclosed, and otherwise denying that branch of the motion. As so modified, the order is affirmed, without costs or disbursements, and the respondent's time to comply with the appellants' notice for discovery and inspection, as modified by Special Term and this court, is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

Contrary to the appellants' assertions the record reveals that the experts' reports in question were prepared solely or primarily for litigation *(see, Hoenig v Westphal,* 52 NY2d 605,

609; *Crow-Crimmins-Wolff & Munier v County of Westchester,* 123 AD2d 813, 814).

The appellants argue that even if the reports were prepared for litigation they are not immune from disclosure because the factual material contained therein can no longer be duplicated because of a change in conditions and withholding the information will result in injustice and undue hardship *(see,* CPLR 3101 [d]; *Sprague v International Business Machs. Corp.,* 114 AD2d 1025).

The facts indicate that after the collapse of the west wall of the North Hempstead Park Physical Activities Center (hereinafter PAC) on February 12, 1983, the appellants were asked to initiate a complete investigation into the occurrence and to notify the plaintiff of their findings. The appellants therefore had an ample opportunity to investigate and make the required tests as to this particular problem and any information in the reports regarding the collapsed wall need not be disclosed *(see, Rosado v Mercedes-Benz of N. Am.,* 90 AD2d 515).

In connection with the other structural problems at the PAC, we find that the appellants were never given an opportunity to fully investigate the matter prior to the reconstruction and repair of the building. Since the factual material in issue can no longer be duplicated, justice requires that the factual data and test results in the experts' reports with respect to those other structural problems be disclosed. However, any opinions contained therein may be deleted *(see, Perfido v Messina,* 125 AD2d 654; *Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733; *Anastasia v Barnes,* 109 AD2d 769).

We find no merit in the appellants' contention that because the plaintiff is claiming the cost of the reports as an item of special damages, those reports must be disclosed. Although the reports may be material and necessary to the plaintiff's claim, that does not mean that they are not material prepared for litigation *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.