■ In the Matter of the Estate of FLORENCE H. CULLEN, Also Known as FLORENCE CULLEN, Deceased. MANUFACTURERS HANOVER TRUST COMPANY et al., Appellants; CAROLYN GARRISH, Respondent.—In a proceeding for the settlement of a final account, the petitioners appeal from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated March 16, 1988, which denied their motion to preclude the respondent from filing

supplemental objections and from conducting further discovery.

Ordered that the order is affirmed, with costs payable by the petitioners from the estate.

The petitioners are the coexecutors of the estate of Florence Hanrahan Cullen. The respondent is the sole objectant to settlement of their account. By disclosure order issued November 23, 1987, the Surrogate directed that depositions of the petitioners commence on December 17, 1987 and "continue from day to day until completed". The respondent was to file supplemental objections by December 28, 1987, and to appear for deposition on January 20, 1988. In addition, the order provided that there were to be no adjournments or rescheduling except by further order and that failure to comply with any branch of the disclosure order would constitute a waiver of the right to conduct disclosure.

Disclosure did not proceed as ordered and the respondent did not timely file her supplemental objections. The record before us is unclear, but it appears that the failure to adhere to the disclosure schedule was triggered by conflicting court obligations of the counsel for the respondent, although it also appears that the vacation schedule of the petitioner Hayden contributed to the delay. The Surrogate refused to grant the petitioners' application for sanctions against the respondent, notwithstanding her failure to obtain court approval for modification of the disclosure dates.

The power to impose penalties for failure to strictly adhere to a disclosure order is vested in the sound discretion of the trial court (see, Associated Mut. Ins. Co. v Dyland Tavern, 105 AD2d 892; Torian v Lewis, 90 AD2d 600). Moreover, courts are reluctant to impose the drastic penalty of striking or precluding the assertion of a claim or defense (see, Anteri v NRS Constr. Corp., 117 AD2d 696). There is no evidence in the record before us that the respondent's initial failure to continue with the commenced depositions was either contumacious or willful so as to warrant precluding the respondent from filing supplemental objections (cf., Anteri v NRS Constr. Corp., supra) and we cannot say that by declining to impose any lesser sanction the Surrogate's Court abused its broad discretionary powers. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.