■ VITO ANTERI, Plaintiff, v NRS CONSTRUCTION CORP., Defendant and Third-Party Plaintiff, et al., Defendants. M & C LAZZINNARO CONSTRUCTION CORP., Third-Party Defendant and Fifth-Party Plaintiff-Appellant, et al., Fourth-Party Plaintiff; CASTRO-BLANCO, PISCIONERI & FEDER, P. C., et al., Fourth-

Party Defendants and Fifth-Party Defendants-Respondents.— In an action to recover damages for personal injuries, the fifth-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated July 24, 1987, as granted (1) that branch of the motion of the fifth-party defendant Castro-Blanco, Piscioneri & Feder, P. C. which was to dismiss the fifth-party complaint as against it, and (2) the cross motion of the fifth-party defendant Ewell W. Finley, P. C. to dismiss the fifth-party complaint as against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This action was commenced in 1980 by an employee of M & C Lazzinnaro Construction Corp. (hereinafter Lazzinnaro) for injuries sustained from a fall during renovation work on a building. Lazzinnaro brought a fourth-party action in 1981 against Castro-Blanco, Piscioneri & Feder (hereinafter Castro-Blanco), the architect on the project, and Ewell W. Finley, P. C. (hereinafter Finley), the structural engineer, for indemnification and/or contribution. By order dated June 26, 1984, the fourth-party complaint was stricken upon Lazzinnaro's failure to comply with a disclosure order, which order was affirmed on appeal (see, Anteri v NRS Constr. Corp., 117 AD2d 696). Lazzinnaro subsequently sought to interpose a cross claim for contribution against Castro-Blanco and Finley, its codefendants in an action brought by the building owner involved in the renovation project. The cross claim was dismissed in 1985 based upon the prior dismissal of the fourth-party complaint. Lazzinnaro then commenced the instant fifth-party action in 1987 against Castro-Blanco and Finley for indemnification and/or contribution.

We conclude that the dismissal of the fifth-party complaint was proper. In Anteri v NRS Constr. Corp. (117 AD2d 696, 698, supra), this court determined that Lazzinnaro had engaged in "willful, contumacious and evasive conduct" with respect to the defendants' discovery rights. Of particular importance is this court's finding that Lazzinnaro's failure to immediately move for a protective order created the inference that it had discarded the documents requested in a notice of discovery and inspection. Consequently, Lazzinnaro's previous conduct will affect the fifth-party defendants' discovery rights in the fifth-party action. Under these circumstances, we view our prior order in Anteri v NRS Constr. Corp. (supra) as tantamount to an order of preclusion which bars commencement of

a new action *(cf., Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614; *Baumann v Mid Is. Hosp.,* 130 AD2d 700).

Lazzinnaro contends that Castro-Blanco's motion to dismiss the complaint was untimely. We find that the court properly exercised its discretion and disregarded Castro-Blanco's mistake in initially serving the motion papers upon Lazzinnaro's former attorney *(see,* CPLR 2001). Lazzinnaro failed to show prejudice from the delay. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.