■ SAROJINI PRASAD et al., Respondents, v B.K. CHEVROLET, INC., Formerly Known as BARNES-KOTLER FORD, INC., Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., based on negligence and strict products liability, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), entered March 5, 1990, as denied that branch of its motion which was to preclude the plaintiffs from offering certain expert evidence at the trial of the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record fails to support the defendant's contention that the plaintiffs' expert willfully destroyed or altered the subject vehicle so as to warrant the granting of an order of preclusion as a sanction pursuant to CPLR 3126. During his inspection of the vehicle prior to the commencement of this action, the plaintiffs' expert removed some of the automobile components and stored them in boxes beside the vehicle. However, there is no objective indication that the expert's actions in this regard were designed to frustrate any legitimate disclosure rights of the defendant, and it appears that all of the components are still available for examination (cf., Miller v County of Orange, 120 AD2d 713; Ricco v Deepdale Gardens Apts. Corp., 113 AD2d 822; Ferraro v Koncal Assocs., 97 AD2d 429). Moreover, the defendant already has obtained a redacted copy of the expert's report, as well as numerous photographs depicting the relevant portions of the vehicle in their original post-accident condition (see generally, Town of N. Hempstead v Wiedersum, 131 AD2d 661; Perfido v Messina, 125 AD2d 654;

*Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733). Given the foregoing circumstances, the Supreme Court did not improvidently exercise its broad discretion in granting the defendant's alternative request for a limited deposition of the plaintiffs' expert rather than the unwarranted and drastic remedy of precluding the plaintiffs from offering expert evidence at trial *(see, RPM, Inc. v Pentagon Chem. & Paint Works,* 114 AD2d 1025; *Cepin v Cepin,* 66 AD2d 764; *see generally, Miracolo v Mercedes-Benz of N. Am.,* 91 AD2d 679; *Coley v Michelin Tire Corp.,* 75 AD2d 610). Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.