■ Patricia Ristenpadt, Respondent, v K & L Realty, Inc., Appellant. [604 NYS2d 264] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 5, 1991, as granted the plaintiff's cross motion to preclude the defendant from offering any evidence at trial with respect to the condition of the staircase where the plaintiff's injury allegedly occurred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was allegedly injured when she slipped and fell on an unsecured section of carpeting on an interior staircase in the defendant's premises. The record supports the court's finding that the defendant willfully destroyed the carpeting at issue. Accordingly, the court did not improvidently exercise its discretion in precluding the defendant from offering any evidence at trial with respect to the condition of the staircase (see, CPLR 3216; State Univ. Constr. Fund v Turner Constr. Co., 181 AD2d 353; Ferraro v Koncal Assocs., 97 AD2d 429; cf., Prasad v B.K. Chevrolet, 184 AD2d 626). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ Nandor S. Teleki, Appellant, v R.G. Krishnan, Respondent. [606 NYS2d 1002] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated October 2, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff did not make a prima facie showing of having sustained a serious injury. Accordingly, the court properly granted the defendant's motion for summary judgment dismissing the complaint (see, Insurance Law § 5104 [a]; Licari v Elliott, 57 NY2d 230). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.