■ IRVING GROSS et al., Appellants-Respondents, v EDMER SANITARY SUPPLY Co., INC., Defendant, and BUCKINGHAM WAX Co., INC., Respondent-Appellant. (And a Third-Party Action.) [607 NYS2d 927] —Order, Supreme Court, Nassau County (Eli Wager, J.), entered December 3, 1991, which, *inter alia,* denied the motion pursuant to CPLR 3126 by the plaintiffs seeking to strike the answer of defendant Buckingham Wax Co., Inc.

("Buckingham") and, in the alternative, precluded defendant Buckingham from testifying or offering evidence at trial with respect to those documents requested and court-ordered which defendant Buckingham failed to produce, unanimously affirmed, without costs.

CPLR 3126, entitled "Penalties for refusal to comply with order or to disclose", grants the court, in the exercise of its discretion, wide latitude in framing appropriate relief where a party "refuses to obey an order for disclosure or wilfully fails to disclose information", and empowers the court to "make such orders with regard to the failure or refusal as are just", including, but not limited to, striking out pleadings or parts thereof, deeming the issues to which the information is relevant to be resolved for purposes of the action, or precluding the disobedient party from supporting or opposing designated claims or defenses.

It is therefore axiomatic that the imposition of CPLR 3126 sanctions is within the sound discretion of the court and, absent an abuse of that discretion, will not be disturbed on appeal *(see, Matter of Cullen,* 143 AD2d 746).

The IAS Court did not abuse its discretion in refusing to strike defendant Buckingham's answer pursuant to CPLR 3126, and, instead, imposing a sanction precluding defendant Buckingham from testifying or offering evidence at trial with respect to certain requested and court-ordered documents which Buckingham failed to produce, where, as here, the moving affidavit failed to set forth the type of dilatory and obstructive conduct which justified striking a pleading by conclusively showing that Buckingham's default was clearly willful and contumacious or due to bad faith *(Cinelli v Radcliffe,* 35 AD2d 829), and the opposition papers indicate that Buckingham's failure to produce the previously available documents subject to disclosure resulted from its destruction of the actual documentation sought in the course of cessation of operations *(cf., Corona v A-B-C Packaging Mach. Corp.,* 129 AD2d 762; *Ferraro v Koncal Assocs.,* 97 AD2d 429).

We have reviewed the parties' remaining arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.