*916 OPINION OF THE COURT
Ariel E. Belen, J.
On August 18, 1990, a vehicle owned by defendant Avis, rented and driven by Margaret Scott, struck a highway median and overturned in a one-vehicle accident on Route 17 in Johnson City, New York. Ms. Scott was killed and plaintiff, Kevin Anderson, a passenger who was ejected from the back seat of the car, was severely injured suffering massive brain damage.
Both sides agree that plaintiff was ejected from the car during the accident. Plaintiff was hospitalized in a coma immediately following the accident for a period which plaintiff has not specified in the papers before the court. Plaintiffs’ papers also do not disclose whether Mr. Anderson has any recollection of the accident or whether he is capable of communicating any such recollections to counsel or the court.
On October 8, 1990, less than two months after this accident, defendant Avis sold the vehicle in question for salvage. Avis alleges that this salvage sale occurred in the regular course of its business. The car had indisputably been totally wrecked in the accident. Without notifying the Andersons that they were salvaging the vehicle, Avis retained an expert to inspect the vehicle and render a report before scrapping it.
By November of 1990, plaintiffs had retained their present counsel. Negotiations were conducted between counsel and Avis throughout this period to settle plaintiffs’ claims. Unfortunately, no settlement was reached and with the Statute of Limitations running, plaintiffs served a summons and complaint in April of 1993. Defendant Avis answered the complaint in May of 1993. Included in defendant’s answer was the affirmative defense that plaintiff did not use the seat belts provided in the car and thus failed to mitigate his damages.
Although it should have been apparent to the plaintiffs that the issue of whether the plaintiff was wearing an operational seat belt would arise, since he had been ejected from the car, plaintiffs did not request to inspect the vehicle until a preliminary conference was held in July of 1994. Even then, it did not appear that plaintiffs had any interest in an immediate inspection of the vehicle. As documented in the preliminary conference order the request to see the car is worded: "Defendant to be deposed 9/29/94 provided defendant has provided car for inspection prior to EBT.”
The only other writing from the plaintiffs concerning the whereabouts of the subject car is included within plaintiffs’ *917 request for discovery and inspection of October 1993. There, among the many disclosure demands, is a question asking the location of the car. Avis failed to respond to that particular question, although it did disclose the name and credentials of its proposed expert, John McManus, along with the fact that he had viewed the car and would testify for Avis that the plaintiffs injuries were exacerbated by his failure to wear the available seat belt.
Avis first disclosed that the car had been scrapped in August 1994 in its response to the disclosure required in the preliminary conference order. Even then plaintiffs did not act until April of 1996 in the making of the present motion wherein they request pursuant to CPLR 3126 that Avis’ answer be stricken or alternatively that Avis be precluded from using the seat belt defense as a sanction for its deliberate spoliation of evidence.
In most situations where the issue of spoliation of evidence has been litigated, the evidence in question has been destroyed after a party has demanded the right to inspect the evidence or has requested that it be preserved. A failure to preserve the evidence under these circumstances has been viewed as contumacious. (See, e.g., Cataldo v Budget Rent A Car, 170 AD2d 475 [2d Dept 1991].)
Plaintiff urges Anteri v NRS Constr. Corp. (117 AD2d 696 [2d Dept 1986]) as controlling precedent. In Anteri, the Court dismissed a contractor’s complaint for his failure to produce certain documents. Throughout the time that the production of the documents had been in issue, to the point that motions relating to their production had been made, the contractor had failed to disclose that the documents had been destroyed before the first formal request for their production. The Anteri decision, however, is entirely distinguishable from the case at bar in many respects.
In Anteri (supra), the documents were destroyed during the course of litigation, in fact, after depositions had been in progress and the contractor had already been impeding discovery by presenting for deposition a person with no knowledge of the incident. Further, the contractor had participated in litigation regarding the production of those documents without having moved for a protective order or otherwise informing the court or his adversaries that the documents were missing. The Court found that this behavior was indicative of willful and contemptuous obstruction of discovery.
The case that defendant urges this court to follow, Vaughn v City of New York (201 AD2d 556 [2d Dept 1994]), is closer to *918 the facts here. In Vaughn (supra), the Transit Authority discarded an insulating mat that had been involved in an explosion on the tracks after having its own expert examine the mat and prepare a report. As in the present case, this occurred prior to the commencement of a lawsuit, and disclosure that the evidence had been routinely scrapped was not made until after the preliminary conference order was made. The Court there stated: "Absent conclusive evidence that the mat was willfully discarded or destroyed to frustrate the plaintiffs’ interests, the court should have considered less drastic remedies” (201 AD2d 556, 558).
Striking Avis’ answer or precluding its use of the seat belt defense in its entirety are sanctions that are too severe considering the unique factors presented by this case, where the evidence that was destroyed would have in all likelihood supported the defendant’s position. In this regard, it must be noted that nowhere in the record has there been any indication that the plaintiffs ever attempted to conduct their own examination of the vehicle. Nonetheless, it is still disturbing to learn that Avis routinely scraps automobiles that have been in serious accidents before an injured party could realistically be expected to be thinking in terms of litigation or preservation of evidence.
It would have been infinitely preferable for Avis to have notified the plaintiffs that its own experts had examined the wreckage and found nothing defective in the car, and that the car would consequentially be scrapped 30 days hence. Given the precipitous nature of the destruction of the car wreckage, coupled with Avis’ foresight in having its own expert immediately examine the wreckage without giving plaintiffs the same opportunity, it cannot be stated that the spoliation of evidence here was innocent. Some sanction would be appropriate to discourage the perpetuation of this practice.
In this case, however, plaintiffs have not demonstrated that the destruction of the evidence has prejudiced them, since they made no effort to view the car during the six-year period that they allege the spoliation had been concealed. In fact, the spoliation of the evidence appears to inure to plaintiffs’ benefit to the extent that they will be able to preclude defendant from presenting a viable defense or comment on the wreckage’s disappearance at trial.
There are a number of cases where evidence has become unavailable to one party after inspection by the opposing party (see, e.g., Prasad v B.K. Chevrolet, 184 AD2d 626 [2d Dept 1992]; *919 Town of N. Hempstead v Wiedersum, 131 AD2d 661 [2d Dept 1987]; Miracolo v Mercedes-Benz of N. Am., 91 AD2d 679 [2d Dept 1982]; Perfido v Messina, 125 AD2d 654 [2d Dept 1986]). In these cases, the Court permitted the party who had been prejudiced by the unavailability of the missing evidence to obtain discovery, even of material prepared for litigation such as experts’ reports to opposing counsel, with the caveat that such disclosure be limited to factual data and test results with opinions deleted. Additionally, the party so prejudiced had been permitted to conduct an examination before trial of the opposing expert.
After considering all the circumstances presented by this case and reviewing the applicable precedent, it appears that plaintiffs should be given the opportunity to depose defendant’s seat belt expert before trial and review any reports or notes taken by the expert to the extent that factual data and test results are contained in those reports or notes. Plaintiffs should also be allowed the opportunity after this examination before trial to obtain their own expert or accident reconstruction expert. The ability to depose defendant’s expert and present contrary expert evidence should overcome any prejudice to plaintiffs as a result of defendant’s precipitous actions in its handling of the subject car.
Upon reading and considering plaintiffs’ notice of motion dated April 4, 1996 and affirmation in support and the exhibits annexed thereto, the affirmation in opposition, of the defendant dated April 18, 1996 and the exhibits annexed thereto, and defendant’s memorandum of law in opposition, and upon hearing the oral argument of counsel, it is ordered that plaintiffs’ motion to strike defendant’s answer or preclude defendant from asserting the seat belt defense is denied. It is further ordered that plaintiffs may depose the defendant’s seat belt expert and review any reports or notes taken by said expert only to the extent of factual data or test results contained therein and that defendant is to make such reports available immediately and the expert available for examination within 20 days of service of a copy of this order and plaintiffs are granted an additional 30 days following this deposition to obtain their own seat belt expert or accident reconstruction expert.