■ EDWARD DALTON, Respondent, v MARIAN S. NALVEN et al., Appellants, and SEISIUN PATH, INC., Doing Business as O'LONNIES, Respondent. [666 NYS2d 500] —In an action to recover damages for personal injuries, the defendants Marian S. Nalven, Mary Stern Co., Estate of Beatrice Miller, Estate of Annette M. Miller, and Beatrice Miller f/k/a Beatrice Eptstein, appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 23, 1997, as granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to preclude them from offering at trial evidence regarding the condition of the staircase on which the plaintiff was injured.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court acted providently in precluding the appellants from offering evidence at trial with respect to the condition of the staircase on which the plaintiff allegedly tripped and fell. The record supports the conclusion that the appellants knowingly and willfully withheld information from the plaintiff concerning the contract of sale and transfer of ownership of the subject premises in which the allegedly defective staircase was located. As a result, the staircase at issue was destroyed by the new owner prior to its inspection by the plaintiff (*see,* CPLR 3126 [2]; *Summit Waterproofing & Restoration Corp. v Scarsdale Country Estates Owners,* 228 AD2d 431, 432-433; *Ristenpadt v K & L Realty,* 199 AD2d 312; *State Univ. Constr. Fund v Turner Constr. Co.,* 181 AD2d 353). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.