■ DETROY LIVINGSTON, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 4.) (Claim No. 94539.) [679 NYS2d 805] —Order unanimously reversed on the law with costs and motion granted in accordance with the following Memorandum: Claimant, an inmate at Attica Correctional Facility, commenced this action alleging that he was beaten by correction officers in two separate incidents in the special housing unit, and he seeks damages for the personal injuries he allegedly sustained. He alleged that, on July 10, 1996, while being escorted to a dental appointment, the officers "rammed" his head into an elevator wall and that, on July 11, 1996, while being escorted to the showers, an officer "tackled" him and "slammed" him to the floor. In moving for sanctions based on defendant's alleged deliberate destruction of evidence, claimant stated that videotapes of each incident existed and that he requested in writing that they be preserved before he commenced this action, and he thereafter requested those videotapes in his discovery demand in this action. Claimant alleged that one videotape was used as evidence in a prison disciplinary proceeding in which he was initially found guilty. The record establishes that on October 9, 1996, that determination was reversed administratively and a rehearing ordered. There is no indication in the record that a rehearing occurred, but defendant submitted an affirmation stating that no videotapes are available and that no tapes of a "Tier Hearing" exist because the record was expunged.

In opposition to claimant's motion, defendant did not deny that it deliberately destroyed the videotapes and did not offer an exculpatory explanation for its actions. It is well settled that the penalties of CPLR 3126 may be applied where a party deliberately destroys evidence (*see, Hyosung [Am.] v Woodcrest Fabrics*, 106 AD2d 298, 299, *appeal dismissed* 64 NY2d 934;

*Ferraro v Koncal Assocs.,* 97 AD2d 429; *see also, Ristenpadt v K & L Realty,* 199 AD2d 312). By destroying the videotapes and failing to provide an exculpatory explanation, and by refusing to comply with claimant's discovery requests, defendant has engaged in deliberate conduct that warrants the imposition of a sanction pursuant to CPLR 3126. The Court of Claims therefore abused its discretion in denying claimant's motion for sanctions. We grant claimant's motion and preclude defendant from offering any evidence at trial in opposition to claimant's proof with respect to the incidents that were the subject of the destroyed videotapes. (Appeal from Order of Court of Claims, NeMoyer, J.—Sanctions.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.