■ OMAR D. WILLIAMS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 89934.) [679 NYS2d 805] —Judgment unanimously affirmed without costs. Memorandum: Claimant filed this claim seeking damages for injuries he sustained when attacked by a fellow inmate at Auburn Correctional Facility. The claim asserts that the State of New York was negligent in failing to place him in protective custody after he was involved in an altercation with that same inmate approximately a month earlier. The Court of Claims determined that, after the prior incident, claimant executed a form voluntarily waiving protective custody and that claimant failed to establish that the State was negligent in failing to place him in involuntary protective custody. We agree.

By failing to request that the court draw an adverse inference as a result of the State's destruction of the audiotape of the disciplinary hearing concerning the prior incident, claimant failed to preserve that issue for our review (*see, Matter of Miriam MM.*, 165 AD2d 934). Further, claimant failed to establish that the State deliberately destroyed the audiotape or that the audiotape was destroyed in violation of the State's policy regarding the retention of audiotapes of disciplinary proceedings (*cf., Livingston v State of New York* [appeal No. 4], 254 AD2d 694 [decided herewith]).

The court did not abuse its discretion in admitting into evidence a fight investigation report concerning the prior incident. Claimant failed to establish that the State willfully failed to produce the report for pretrial discovery or that the State had been ordered to produce the report (*see*, CPLR 3126 [2]).

There is no merit to the contention that claimant was treated unfairly because he was directed to provide the State with a list of his witnesses prior to trial and the State was not so directed. The trial was held at Auburn Correctional Facility, a maximum security prison. The direction that claimant provide a list of witnesses was reasonably necessary for purposes of

institutional safety and security. (Appeal from Judgment of Court of Claims, Corbett, Jr., J.—Negligence.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.