OPINION OF THE COURT
Alan A. Bergstein, J.
This matter, a spoliation hearing, incidental to a nonpayment summary proceeding, was held before this court on February 25, 1999, and continued and concluded on March 8, 1999.
*401 The matter commenced as a routine nonpayment summary proceeding, but the respondents, in their answer, interposed a number of affirmative defenses and counterclaims, alleging a breach of the warranty of habitability as a result of lead contamination within the subject premises. In response to a motion for discovery relating to the lead contamination, the Honorable John G. Marks ordered the instant hearing, having been advised that the house containing the premises, the subject matter of this proceeding, was demolished, and all items remaining after the demolition were removed from the land, in their entirety. The respondents’ request for a “lead test” was rendered impossible as a result.
The credible testimony elicited at the trial proved that there was a lead contamination problem within the subject premises, 437 Atlantic Avenue, Freeport, New York. The problem was addressed and abated in 1994. It appears that neither the County of Nassau nor the Village of Freeport performed any subsequent inspections prior to the institution of this action.
John Ochwat, the Chief of the Office of Lead Poisoning Control of the Nassau County Department of Health, testified on respondents’ behalf, and was qualified as an expert in the field of lead contamination and control. This witness confirmed the existence of lead contamination in the subject premises in 1994, and the abatement of same in a timely manner.
Although laboratory tests of the lead levels of respondents’ children showed elevated levels of lead in their blood, the highest concentration of blood lead was 16.9, described as being a “moderate” level, and below the 20.0 level, deemed to be “high”.
Within this framework, this court is faced with the dilemma of the appropriate treatment of the deliberate ex parte demolition of the house, on December 21, 1998, at a presumed critical point in the proceeding. The respondents were certainly entitled to have the premises inspected by a qualified expert to see if the lead contamination condition had recurred.
The body of existing case law on the issue of sanctions for spoliation of evidence is not extensive. Sanctions have been imposed; in some instances extreme, and in others, relatively light, considering the issues involved.
In Anderson v Avis Rent A Car (174 Misc 2d 915), the court refused to strike the defendant’s answer, as a sanction for destroying an automobile involved in an accident, because that was the routine practice of Avis, and the auto had been destroyed, prior to the institution of the action.
*402 In Kirkland v New York City Hous. Auth. (236 AD2d 170), the Appellate Division, reversing Supreme Court, New York County, dismissed the third-party complaint against the contractor which had installed gas connectors between gas stoves and the gas lines in a number of apartments within the New York City Housing Authority’s apartment complex, where a stove had blown up, killing plaintiffs intestate.
In Kirkland (supra), the Court held that the destruction of the stove by the New York City Housing Authority, even though deemed to be unintentional or negligent, deprived the third-party defendant of the right to present a defense.
In Squitieri v City of New York (248 AD2d 201), the Appellate Division, First Department, dismissed the third-party complaint of the City of New York for disposing of a number of street sweepers, including one where its sanitation worker was seriously, chronically injured as a result of the sweeper’s cab filling with carbon monoxide fumes.
Critically, the action against the City of New York was commenced in March 1985. In September 1985, although aware of the pending action, the City disposed of the sweeper, along with five others made by Elgin, as well as a number of others made by another manufacturer.
In 1993, fully eight years later, the City brought a third-party action against the sweeper’s distributor, Burke, and in 1994, nine years after the occurrence of the accident, it impleaded Elgin, alleging that a design defect in the sweeper was the cause of the incident, rather than improper maintenance by the Department of Sanitation.
The instant appeal by Elgin resulted in the reversal of the motion court’s order and a dismissal of the third-party complaint, the unanimous Appellate Division opining: “When a party alters, loses or destroys key evidence before it can be examined by the other party’s expert, the court should dismiss the pleadings of the party responsible for the spoliation” (supra, at 202, citing Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp., 221 AD2d 243).
The credible evidence considered by this court leads it to the inescapable conclusion that the demised premises, the one-family house located at 437 Atlantic Avenue, Freeport, New York, was deliberately demolished at a critical point in this litigation, to preclude the respondents from having the same inspected in furtherance of their defense and counterclaim relating to the warranty of habitability.
*403 The photographs received in evidence as respondents’ exhibits D1 through D6 demonstrate the physical condition of the subject premises.
Based upon the measure of damages articulated in existing case law, the appropriate sanction is a dismissal of the petitioner’s cause of action. The petitioner’s summary proceeding is dismissed accordingly, with costs.
Respondents’ counterclaim for sanctions equivalent to a 50% rent abatement for the months of March 1996 through March 1998 is severed. The trial of the counterclaim is set down for the 20th day of April 1999, at Civil Term Part 2 of this court, at 9:30 a.m. before the Judge then presiding in said Part. The issue of affirmative relief for respondents on their counterclaim was not a subject considered by this court in the spoliation hearing.