■ TANYA MARTIN et al., Appellants, v STATE OF NEW YORK, Respondent. [759 NYS2d 802] —Mercure, J. Appeal from a judgment of the Court of Claims (Midey, J.), entered January 24, 2002, upon a decision of the court in favor of defendant.

On May 8, 1997, claimant Tanya Martin and her infant daughter, as well as Jennifer Trumble-Edwards and her infant daughter, were in a single-vehicle accident. The accident occurred on State Route 81 southbound in Cortland County when Trumble-Edwards, distracted by her daughter in the back seat, failed to observe a right-hand curve and veered off the east shoulder of the road. After traveling a few hundred feet in the recovery area, the vehicle overturned several times, ejecting all occupants. Martin and her daughter sustained serious injuries as a result of the accident.

In March 1998, claimants filed the instant claim, alleging, among other things, that defendant was negligent in maintaining a steep, unsafe slope thereby failing to provide an adequate recovery area. Following trial, the Court of Claims dismissed the claim and this appeal ensued.

Initially and contrary to claimants' argument, we conclude that the Court of Claims properly determined that defendant is entitled to qualified immunity. While defendant has the nondelegable duty to maintain its highways in a reasonably safe condition (*see Bottalico v State of New York,* 59 NY2d 302, 305 [1983]), "in the field of traffic design engineering, [defendant] is accorded a qualified immunity from liability arising out of a highway planning decision" (*Friedman v State of New York,* 67 NY2d 271, 283 [1986]). Thus, "[l]iability for injury arising out of the operation of a duly executed highway safety plan may only be predicated on proof that the plan either evolved without adequate study or lacked a reasonable basis" (*Cipriano v State of New York,* 171 AD2d 169, 172 [1991], *lv denied* 79 NY2d 756 [1992]; *see also Weiss v Fote,* 7 NY2d 579, 588-589 [1960]).

Here, defendant submitted its final design report for Route 81, which was completed by the Department of Transportation and the Federal Highway Administration. The comprehensive report contains a compilation of accident, pavement condition and environmental studies regarding Route 81 and recommendations for improvements to pavement, shoulders, drainage facilities, signage and guardrails. The report demonstrates that defendant's study was adequate (*see Affleck v Buckley,* 96

NY2d 553, 556 [2001]) and, indeed, claimants do not challenge the sufficiency of the study. Instead, they argue that defendant is not entitled to qualified immunity because it negligently violated its own specifications or standards (*see Merrill Transp. Co. v State of New York,* 97 AD2d 921, 921-922 [1983]) when portions of the road underwent a reconstruction project in 1994. Specifically, claimants contend that defendant failed to maintain a recommended 25% grade in the slope of the roadside recovery area and the excessive steepness of the slope caused Trumble-Edwards' vehicle to overturn.

While the record does indicate that portions of the slope had a grade steeper than 25%, the Court of Claims relied upon the testimony of Trooper Michael Compton, who investigated the accident scene on the night of the accident and observed where the tire tracks ended, the testimony of defendant's expert licensed professional engineer, and photographs in determining that at the point the vehicle began to overturn, the grade of the slope was less than 25%. Inasmuch as "the Court of Claims' resolution of this particular factual dispute was based in large part on its assessment of witness credibility, * * * [it is] entitled to deference" (*Schieren v State of New York,* 281 AD2d 828, 830 [2001]; *see Krafchuk v State of New York,* 250 AD2d 962, 964 [1998]). To the extent that claimants presented expert testimony that the vehicle became airborne at another point along the slope or the testimony and police report raised questions as to the exact distance in feet that the vehicle traveled before it began to overturn, the Court of Claims properly resolved these issues in defendant's favor. Accordingly, we conclude that the court properly determined that defendant did not violate its own specifications and standards and, thus, was entitled to qualified immunity.

We further reject claimants' argument that prior accidents in the same area of Route 81 gave defendant constructive notice of a dangerous condition. Although defendant may be liable when it "is made aware of a dangerous highway condition and fails to take action to remedy it" (*Giske v State of New York,* 191 AD2d 675, 677 [1993]), the number of accidents per million vehicle miles for the stretch of Route 81 at issue was well below the statewide average. Moreover, only one accident within a three-year period was substantially similar to the one considered here. Thus, the prior accident history was insufficient to put defendant on notice of a dangerous condition or impose a duty to take remedial action (*see Marshall v State of New York,* 252 AD2d 852, 853-854 [1998]).

Finally, we are not persuaded by claimants' challenges to the

Court of Claims' evidentiary rulings. Inasmuch as claimants' expert—a professional engineer—indicated that he was not certified or licensed as an accident reconstructionist, the court did not abuse its discretion in refusing to permit the expert to offer an opinion regarding the cause of the accident (*see People v Hanright,* 187 AD2d 1021, 1021 [1992], *lv denied* 81 NY2d 840 [1993]). In addition, the court did not err in admitting defendant's final design report into evidence despite defendant's failure to produce the report, which was never expressly requested, until the morning of trial. As the court concluded, claimants failed to demonstrate that defendant willfully failed to produce the report prior to trial (*see Williams v State of New York,* 254 AD2d 749, 749 [1998]).

We have considered the parties' remaining arguments and find them to be either meritless or unpreserved.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.