Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 4, 2008, which granted plaintiffs motion to strike defendant’s answer only to the extent of precluding it from offering any evidence with respect to certain Con Edison permits, unanimously modified, on the facts, to further provide that it shall be conclusively presumed at trial that defendant created or had notice of the condition that gave rise to plaintiff s accident, and otherwise affirmed, without costs.
Flaintiff allegedly tripped and fell in a construction trench. Defendant inexcusably failed to turn over to plaintiff certain sidewalk opening permits it had issued to Con Edison until the *505 eve of trial. Defendant, pointing out its adherence to the parameters of later disclosure orders, claimed it only discovered the Con Edison permits after having later performed a broader search.
A party that disobeys court-ordered disclosure is subject to preclusion of relevant portions of its evidence (CPLR 3126). The nature of the sanction lies generally within the broad discretion of the court, and should not be disturbed absent an improvident exercise thereof (Gross v Edmer Sanitary Supply Co., 201 AD2d 390 [1994]). In its answer, defendant raised as an affirmative defense that any and all hazards, defects and dangers were of such an open, obvious and apparent nature that they were or should have been known to plaintiff, thus rendering her injuries attributable to her own culpable conduct. There is no reason to bar defendant from pursuing that defense. However, it was not an improvident exercise of discretion to preclude defendant from offering evidence as to the Con Edison permits. We modify only to clarify that it will be conclusively presumed at trial that defendant created or had notice of the trench involved in the accident. This relief will ameliorate the prejudice plaintiff has suffered as a result of defendant’s failure to timely disclose the Con Edison permits. Defendant’s ability to defend the suit by attributing the accident to plaintiffs own lack of due care is not impaired. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.