■ MARIA ACOSTA ROBIOU, Appellant, v CITY OF NEW YORK, Respondent. [933 NYS2d 27]—

Plaintiff, a superintendent of a multiple dwelling, was injured while firefighters were extinguishing a blaze in her building. At the request of a firefighter, plaintiff escorted him to the backyard where fire escapes were located. While in the backyard, plaintiff was struck by glass that had fallen as the firefighters were breaking windows on the upper floors.

The motion court properly granted summary judgment. A municipality bears no liability for its agent's negligent performance of a governmental function unless the agent assumed a special duty to an injured person in contrast to a general duty owed to the public (*McLean v City of New York*, 12 NY3d 194, 199 [2009]). Such a relationship did not exist here as there is no issue of fact as to whether the firefighter, through promise or actions, assumed a duty to protect plaintiff (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Moreover, there is no evidence that plaintiff was given any assurance that was definite enough to justify any reliance on her part (*see Dinardo v City of New York*, 13 NY3d 872, 874 [2009]).

The motion court did not improvidently exercise its discretion in denying plaintiff's cross motion to strike defendant's answer (*see Talansky v Schulman*, 2 AD3d 355, 361-362 [2003]; *Gross v Edmer Sanitary Supply Co.*, 201 AD2d 390, 391 [1994]). Moreover, we agree with the motion court's conclusion that further discovery could not lead to "facts essential to justify opposition" (CPLR 3212 [f]), warranting a denial of defendant's summary judgment motion (*see Auerbach v Bennett*, 47 NY2d 619, 636 [1979]; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359, 361 [1995]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 31631(U).]**